## SNYDER *v.* WEBB & WELSH.

1. Section 7 of the practice act approved December 16, 1895, as to amending pleas "after the time allowed for answer has expired," was not intended to apply to actions pending at the time of the passage of this act, the appearance term of which had already expired.
2. The facts stated in the plea, as amended, were sufficient, if proved, to defeat the action.

Argued June 24, — Decided July 14, 1897.

Complaint on note. Before Judge Kimsey. Towns superior court. September term, 1896.

Suit was brought by Webb & Welsh upon a promissory note against Snyder as maker and Erwin as indorser. The note. was dated September 28, 1893, due one year after date, and payable to the order of Elliott & Moore. It was endorsed: "10–5th–1893, turned over to A. C. Hemphill without re-

course," signed by Elliott & Moore. "I assign the within
note to H. F. Sanders," signed by A. C. Hemphill. "I hereby
indorse the within note to E. R. Brown for value received of
him, this October the 17th, 1894," signed by J. S. Erwin. The
suit was filed on March 25, 1895. At the appearance term,
on September 25, 1895, Snyder filed a plea of total fail-
ure of consideration, admitting, however, that he executed
the note, and that plaintiffs are the true and lawful holders
of it. At the March term, 1896, plaintiffs moved to strike
this plea for insufficiency. The court allowed defendant to
amend by adding, "that A. C. Hemphill, to whom the same
was first transferred, took the same with notice of the failure
of consideration and dishonor, and so did H. F. Sanders, E.
R. Brown, and J. S. Erwin, and of the fraud in its procure-
ment, and after due, and the plaintiffs took the same after due
and with notice of these facts." The case was continued to
the September term, 1896, when plaintiffs moved to strike the
amended plea, because it was not properly verified, and be-
cause Snyder did not swear that he did not know the facts set
forth in the amendment at the time of filing the original plea.
Defendant insisted that this was not a new defense, but only
an amendment to the original one, and that the act of 1895
was not applicable to the case; but offered, if the court differed
with him, then and there to reverify the amended plea. The
court refused to allow this, and struck the plea as amended,
both upon the ground of the want of affidavit as before stated,
and because the plea as a whole is insufficient in law.

The original plea alleges, that there was no consideration for
the note, for that the original payees represented to defendant
that they were the owners for Georgia of a certain described
cooking-apparatus under letters patent, and had a right to sell
it; and defendant, believing and relying on said representation,
bought or attempted to buy the right to sell the apparatus for
five named counties in this State, and gave the note sued on,
and another of the same amount and due one year later, and
a mule worth $100, to said payees as the purchase-price of said
counties for the invention, which they represented was useful
and suited for a number of purposes (setting them out), which

representation was falsely and fraudulently made to induce the purchase he made. The same is of no value whatever; he has paid more in the mule than the thing was worth; if the payees had any right to sell the same, he has no knowledge of the fact, and avers they have not; and therefore there never was any consideration for the giving of the note. The consideration has totally failed, for the reason that the representation already stated, made to him by the payees, was false and fraudulently made to deceive defendant and induce him to give the note; the patent is wholly unsuited for the purpose aforesaid and intended; and by means of said false and fraudulent representation of the payees, the consideration has totally failed.

*W. F. Findley* and *S. M. Ledford*, for plaintiff in error.
*J. W. H. Underwood, J. H. Davis* and *M. G. Boyd*, contra.

ATKINSON, J. 1. In arriving at the true meaning of the practice act approved December 16, 1895 (Acts of 1895, p. 44), relatively to suits pending at the time of the passage of the act, it is necessary to construe together sections 2 and 7 of that act. Section 2 provides, "That in all cases now or hereafter pending, the judge at each term shall call the appearance-docket upon some day previously fixed, or on the last day of the term, and upon such call all cases in which the defendant has not filed a demurrer, plea or answer, or other defense, shall be marked 'in default.'" Section 7 provides, "That the defendant, after the time allowed for answer has expired, shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless at the time of filing such amended plea or answer, containing the new answer, he shall attach an affidavit that, at the time of filing the original plea or answer, he did not have notice or knowledge of the new facts or defense set out in the amended plea or answer."

Prior to the passage of this act, where a case had been answered at the first term of the court, the defendant was not required to answer so fully, but thereafter he might amend a plea to the merits by insisting upon new and distinct defenses, without first swearing that he did not know of the existence of

such defenses at the time of filing his original plea. To extend the provisions of this act to such a case would cause it to retroact harshly upon the defendant who had conformed to the requirements of the law existing at the time of filing his plea, and the effect of extending the provisions of section 7 of the act would be to cut him off from filing as an amendment a meritorious defense which he would otherwise have been authorized to make. Statutes must be reasonably construed, and where they are capable of two interpretations, that construction is more favored which would tend most to give a full expression to the legal rights of parties under laws existing at the time of their passage; and we therefore think the proper construction of the act in question is such an one as will not deprive a defendant, who has been in all respects diligent, of the benefit of a defense of which he could not avail himself under the changed condition of the law. In the present case it would have been impossible for this defendant to have foreseen, at the time he filed his original plea, that the General Assembly would subsequently pass an act depriving him of the right of amendment, by imposing upon him conditions to which he could not in good conscience conform; and therefore it will not be presumed that such was the intention of that body. The appearance term having already expired at the time of the passage of the act, the right of amendment was controlled by the pre-existing laws, and not affected by the new act to which reference has been made. It follows, therefore, that the defendant was entitled to amend his plea without first making the oath required by section 7 of the act, to the effect that, at the time of filing his original defense, he had no knowledge of the fact sought to be set up by way of an amendment to such plea.

2. The suit was upon a promissory note by the endorsees for value. The plea was that of failure of consideration. There was no allegation in the original plea that the endorsees took with notice of a failure of consideration in the instrument sued upon. The purpose of the amendment was to make the allegation that it was received by them with full notice of this defense. If the amendment had been allowed, and the plea supported by evidence, it would have defeated the action. It

follows, therefore, that the court erred in not allowing the amendment, and, in the face of the offer to amend, in striking the plea of the defendant.

*Judgment reversed. All the Justices concurring.*