### TERRY *et al. v.* DREW.

1. Under the twenty-first and thirtieth sections of the act of 1909 (Acts 1909, pp. 260, 269, 271), creating the city court of Lumpkin, where a suit in that court, based on a promissory note and an open account, was in default, and no jury was demanded as provided by the act, the judge could render a judgment without a jury.
2. This was not in conflict with the section of the constitution which provides that the court may render judgment without a jury in suits on unconditional contracts in writing, where no plea is filed on oath.

3. Under the facts, there was no error in overruling a motion to vacate the judgment and reinstate the case on the docket for trial.

MAY 13, 1915.

Motion to vacate judgment. Before Judge Littlejohn. Stewart superior court. April 28, 1914.

*T. T. James,* for plaintiffs in error.

*J. F. Souter* and *G. Y. Harrell,* contra.

LUMPKIN, J. A case was in default in the city court of Lumpkin, at the December term, 1912. The suit was based partly on a promissory note and partly on an open account. No jury appearing to have been demanded, as provided by the act creating the city court of Lumpkin, a judgment was rendered by the judge without a jury. The city court having been abolished and its business transferred to the superior court, a motion was made in that court to vacate the judgment and that the case be restored to the docket for trial. The motion was overruled, and the movant excepted.

By section eighteen of the act of 1909 (Acts 1909, pp. 260, 269), establishing the city court of Lumpkin, it was provided that in cases where no issuable defense should be filed by the second day of the first term, a verdict or judgment might be taken, "as the case may be." By the twenty-first section it was declared that the judge should have power and authority to hear and determine, without a jury, all civil cases of which that court had jurisdiction, and to give judgment therein; provided that either party in a cause should be entitled to a trial by jury, upon entering a demand therefor by himself or attorney on or before the call of the docket at the term to which the case was returnable, in all cases in which such party would be entitled to a trial by jury under the constitution and laws of the State. It was made the duty of the judge to sound the docket upon the opening of each term, for the purpose of ascertaining in what cases demands for a jury trial would be made. By section thirty it was provided that in cases where no defense was filed, or where the defense filed was stricken, the court should enter judgment or permit a verdict, as the case might be, upon demand of the plaintiff, on any day after the first day of the term. Thus, if there was no demand for a jury trial, the court was to enter judgment, performing at once the functions of a judge and that of a jury where a jury would otherwise render a verdict. If a jury trial was duly demanded, a verdict was to be taken in proper

cases. The provision of the constitution that judgment shall be entered by the judge without a jury in a suit on an unconditional contract in writing, where no plea is filed under oath (Civil Code (1910), § 6516), did not prevent the judge of the city court of Lumpkin from acting as judge and jury upon consent, or when no jury was demanded, and thus there was a sort of statutory consent or waiver. *Sutton* v. *Gunn,* 86 *Ga.* 652 (12 S. E. 979). In the absence of anything showing the contrary, it will be presumed that the judge did his duty in regard to calling the docket. If there had been a suit on an open account, and a default, and a jury had been demanded, a verdict would have been rendered. If in such a case no jury was demanded, the judge could act without a jury.

In the present case, the term of court was to begin on Monday, December 9, 1912. The judge was absent on that day, and court began on Tuesday. It continued until December 19. On that day, the case being in default, a judgment was taken. Late in the afternoon of the same day, after court had adjourned for the term, the clerk received a plea in the case. On the hearing of the motion to vacate the judgment evidence was introduced. It showed that on the first day of court counsel for the defendant informed counsel of record for the plaintiff that he would file a plea on the next day. Counsel of record for the plaintiff replied that, if this were done, it would carry the case over until the next term; and, assuming that it would be done, he went to his home in another county. Prior to the commencement of the term of court, the plaintiff had retained an additional attorney whose name did not appear of record. Before the term closed, this attorney ascertained that no plea or answer had in fact been filed, and took the judgment.

Under the facts, and the act creating the city court, the judgment rendered by the judge without a jury was not unconstitutional, although it included a claim upon an open account; nor was any good reason shown for the delay in filing the plea. Accordingly there was no error in overruling the motion to vacate the judgment, made in the superior court, after the abolition of the city court of Lumpkin (Acts 1912, p. 243).

Counsel for the plaintiff in error relied on the decision of the Court of Appeals in *Turner* v. *Bank of Maysville,* 13 *Ga. App.* 547

(79 S. E. 180). In that case the principle now ruled was recognized, but it was said that there was no evidence of the waiver of a jury, that the judgment was based on a conditional contract in writing, and that the judge did not have in mind proof of notice in order to authorize a recovery of attorney's fees. Nor was any question of waiver involved in *Anders* v. *Blount,* 67 *Ga.* 41.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*