*M. E. O'Neal, Harrell & Wilson,* contra.

---

6017.  GREAT EASTERN CASUALTY CO. *v.* HAYNIE *et al.*

BROYLES, J. 1. Prior to the amending act of 1902 (Acts 1902, p. 53), the code provided that a suit could be instituted against any insurance company having agencies, or more than one place of doing business, in the county where the principal office of the company was located, or in any county where the insurance company had an *agency* or place of doing business, or in any county where such *agency* or place of doing business was located at the time the cause of action accrued or the contract was made out of which the said cause of action arose. Civil Code of 1895, § 2145. The word "agency" was changed to "agent" by the act of 1902 (Civil Code of 1910, § 2563); and since the passage of that act the venue of a suit against an insurance company is determined by the fact of the company having an "agent" or place of doing business in the county, and service is perfected upon the company by leaving a copy of the petition or writ with the agent. Civil Code of 1910, § 2564.

2. An authorized agent of an insurance company, who, at the time the suit against the company was instituted, and at the time the cause of action accrued, and at the time of the making of the contract out of which the

cause of action arose, was acting, under a State license from the insurance commissioner, as a State agent for the company, and had his headquarters and place of business as such agent in the county in which the suit was instituted, was such an agent of the insurance company that service upon him in that county was binding upon the defendant. Civil Code, §§ 2563, 2564; *U. S. Casualty Co.* v. *Newman*, 137 *Ga.* 447 (73 S. E. 667); *Jefferson Fire Insurance Co.* v. *Brackin*, 140 *Ga.* 637 (79 S. E. 467); *Ætna Insurance Co.* v. *Brigham*, 120 *Ga.* 926 (48 S. E. 348); *Equity Life Asso.* v. *Gammon*, 119 *Ga.* 271, 275 (46 S. E. 100); *Reeves* v. *Sou. Ry. Co.*, 121 *Ga.* 561, 565 (49 S. E. 674, 70 L. R. A. 913, 2 Ann. Cas. 207).

(*a*) This is true although his contract with the defendant company did not include the county in which the suit was brought, if, nevertheless, he then had in that county, with the knowledge of the company, his headquarters and his place of business for the transaction of the company's business, solicited and wrote insurance in that county for the company, with its knowledge and permission, under a contract with other agents of the company, who had a contract to write insurance for the company in that county (such other agents dividing their premiums with him upon the policies which he wrote in that county, and on renewals thereof), and the company ratified his acts by accepting the premiums and issuing policies therefor.

(*b*) It is immaterial that the agent served had in another county his legal residence for voting, etc., as indicated by the domicile of his family.

3. As section 2564 of the Civil Code of 1910 provides a plain method of procuring service upon an insurance company in the county where the suit was brought, under the facts in this case, there was no necessity or authority for the issuance of a second original for service upon a person resident in another county who had been designated by the defendant company as its agent and attorney upon whom service could be made. See *U. S. Casualty Co.* v. *Newman*, supra.

4. The only errors in the charge of the court were prejudicial to the defendant in error alone; and of those, of course, the plaintiff in error can not complain.

5. The evidence authorized the verdict against the traverse and in favor of the sheriff's return, and there was no error requiring the grant of a new trial.        *Judgment affirmed. Russell, C. J., dissents.*

DECIDED AUGUST 2, 1915.

Traverse of sheriff's return of service; from city court of Millen—Judge T. L. Hill. September 21, 1914.

*Calloway, Howard & West*, for plaintiff in error.

*William H. Fleming*, contra.