6833.  McINTYRE *v.* JONES, administratrix.

BROYLES, J.   The action being by the personal representative of a decedent,
and it appearing that the witness by whom the defendant sought to
prove the plea of payment was the defendant's agent and likewise in-
terested in the result of the suit, the exclusion of the testimony of this
witness was proper.                         *Judgment affirmed.*
                    DECIDED MARCH 27, 1916.

Appeal; from Cobb superior court—Judge Patterson.   July 22,
1915.

*J. Z. Foster,* for plaintiff in error.

*J. Glenn Giles,* contra.

6734.  HOWARD & SON *v.* COWAN.

BROYLES, J.   1. The code provision that when partners are being
sued in their firm name, it is unnecessary to prove the partner-
ship unless it is denied by the defendant in a verified plea (Civil
Code, § 3166), means merely that where no verified plea of no
partnership has been filed, the burden of proving the partnership
is not put upon the plaintiff; and it follows that the fact of the
partnership, in the absence of proof to the contrary, will be con-
clusively presumed.   However, in a case in which the defendant
proves by uncontradicted evidence, which is not objected to, that
no such partnership as alleged in the petition existed at the time
that the plaintiff's cause of action arose, a verdict finding against
the alleged firm, in the absence of an appropriate amendment to
the petition, should be set aside and a new trial granted, not-
withstanding the defendant's omission to file a verified plea of no
partnership.   See *Martin* v. *Lamb,* 77 *Ga.* 252 (3 S. E. 10); *Green*
v. *Willingham,* 100 *Ga.* 224, 226 (28 S. E. 42); *Stricklin* v. *Craw-
ley,* 1 *Ga. App.* 139, 142 (58 S. E. 215).   Under the above rul-
ing, the verdict in this case against the partnership was contrary
to the evidence and the law, and the court erred in refusing to
grant a new trial.
2. Under repeated rulings of this court and of the Supreme Court,
the refusal of the trial judge to direct a verdict is never error.
3. As the case must be retried, and the evidence on the new trial
may vary from that in the present record, we forbear to express
an opinion as to whether, under the facts of the case, the de-
fendant could be held liable for damages by the plaintiff.
          *Judgment reversed.   Russell, C. J., absent.*
                    DECIDED APRIL 17, 1916.

Action for damages; from municipal court of Atlanta.   June
18, 1915.

*W. F. Buchanan,* for plaintiffs in error.