## 7956. CAMPBELL *v.* WALKER, executrix.

1. As to transactions or communications with the payee of promissory notes, who subsequently died, an indorser of one of the notes was not competent to testify in behalf of the maker, on the trial of a suit on the notes, brought against the maker by the personal representative of the decedent.

2. The defendant's mortgage to secure one of the notes sued' on was properly admitted in evidence when offered by the plaintiff for the purpose of showing an admission by the defendant that the note was unpaid at the date of the mortgage; but even if it was error to allow the introduction of the mortgage for this purpose, the defendant was not harmed by it, for the jury found in favor of his plea of payment of that note.

3. It was not error to exclude testimony of the defendant that a certain third person told him, in reference to one of the notes sued on, that if the defendant "could secure the note," that person "would fix the house." The statement of that person to the defendant would not be admissible against the plaintiff without evidence that he was an agent authorized to make it. The statement itself is not sufficient evidence of agency.

4. A ground of a motion for a new trial in which error is assigned on the exclusion of certain testimony is insufficient when it does not appear from the ground itself that the exclusion of the testimony was prejudicial to the complaining party.

5. It was not error to refuse to allow the defendant to amend his pleadings by adding a plea in which he alleged that after the death of the payee of the notes sued on (which were for the purchase price of land) "a man by the name of Walker," "representing the estate of the decedent," or "appearing to represent" the decedent, obtained from the defendant a mortgage to secure one of the notes, under an agreement that he would carry out an agreement of the decedent to build a house on the land, and failed to do so, and that "the consideration for said transaction has wholly failed." Even if the allegations were sufficient to show that the alleged agreement was made by a person authorized to bind the estate of the decedent by such an agreement, failure of consideration for the mortgage would not constitute a defense to this action, in which there was no attempt to enforce the mortgage.

6. The evidence authorized the verdict for the plaintiff.

DECIDED MAY 11, 1917.

Complaint; from city court of Macon—Judge Guerry. September 18, 1916.

Suit on three promissory notes payable to B. S. Walker Jr., one of which was for $180, was brought against the maker, E. W. Campbell, by the executrix of the payee. The defendant pleaded that the notes were for the purchase price of land, for which the payee gave him a bond for title, and that the sale was revoked and the land surrendered to the payee of the notes under an agreement that the defendant was to pay the $180 note and be released from payment of the other notes; and that he paid the $180 note and was not indebted to the plaintiff. By amendment he pleaded that a part of the consideration of the original trade was that the payee of the notes was to build a house on the land, but the payee afterwards refused to build the house, and the trade was revoked as stated above. The trial of the case resulted in a verdict in favor of the plaintiff for the amount of the two notes other than the $180 note.

The first division of the decision relates to the following ground of the motion for a new trial: "The court erred . . in holding that the witness J. A. Jordan was incompetent to testify, and in refusing to let him testify, to the facts which defendant's counsel stated that he wished to prove by the witness, to wit: that Jordan was employed by Walker, the deceased, . . that he had charge of Walker's real-estate business; that Walker . . told Jordan that he was not able to construct that building for Campbell on the land involved in the case, and that, in accordance with the directions of Walker, Jordan carried men out to see the place, and that Walker told Jordan that the $180 note sued on by the plaintiff was paid; that Walker further told Jordan that he had agreed for a consideration of $180 to revoke and rescind the sale of the land to Campbell, and that he (Walker) had agreed to repair and construct a house on the land, and that he did not do it, and thereupon the sale was rescinded. Movant contends that this evidence was admissible because, as movant contends, Jordan was not a party to the suit, and was not interested in the result of the suit; that the undisputed evidence in the case showed that the $180 had been paid, and therefore Jordan could not possibly be interested in the result of the suit, he not being an indorser upon said note; but movant contends that even if the evidence did not show that the $180 note had been paid, Jordan should have been permitted to testify and the evidence submitted to the jury under proper in-

structions from the court, to wit: that if the jury believed that the $180 note had been paid, from the evidence in the case outside of Jordan's testimony, then they could consider Jordan's testimony as bearing upon the question of rescission of the contract, and, if they believed that the $180 note had not been paid, then they should discredit the testimony of Jordan. The court, upon objection of the plaintiff's counsel, refused to allow Jordan to testify in the case. Note by the court: It appeared and was admitted that the witness was the J. A. Jordan who had indorsed the $180 note."

*Feagin & Hancock,* for plaintiff in error.

*Hardeman, Jones, Park & Johnson, Harry S. Strozier,* contra.

BLOODWORTH, J. 1. Suit was brought by Mrs. Marie Stevens Walker, executrix of the estate of B. Sanders Walker Jr., against E. W. Campbell on three notes, one of which was indorsed by J. A. Jordan. Jordan was offered as a witness by defendant to prove certain statements made to him, and certain transactions had with him by the deceased, and was properly held incompetent to testify. Civil Code of 1910, § 5858 (1), (4); *McIntyre* v. *Jones,* 17 *Ga. App.* 760 (88 S. E. 419); *Staton* v. *Exchange Bank,* 15 *Ga. App.* 137 (82 S. E. 784). See also *Carroll* v. *Barber,* 119 *Ga.* 856 (47 S. E. 181).

2. The defendant having pleaded that one of the notes sued on, the principal of which was $180, had been settled by partial payments, ranging in date from January 1, 1912, at which time he claimed to have paid $45, to some unfixed date in 1913, when a final payment of $5 was made, a mortgage signed by him, dated June 2, 1913, to secure that note, was properly admitted in evidence when offered by the plaintiff to show an admission by the defendant that the note was unpaid at the date of the mortgage. Even had this been error, it did not injure the defendant, for the jury found in favor of his plea of payment.

3. In answer to the question, "What was said between you and Clifford Walker in reference to the $180 note when he was down here?" the defendant testified: "He told me that if I could secure the note, he would fix the house." This testimony was ruled out, and it was contended that this was error, "for the reason that it showed that Mr. Clifford Walker was the duly authorized agent of the plaintiff in securing the execution of the mortgage just referred

to." Before the plaintiff would be bound by the acts of an alleged agent, it was necessary to prove the agency, and this testimony was not sufficient within itself to show that Clifford Walker was the "duly authorized agent of the plaintiff."

4. The following question put to the defendant by his counsel, and the answer, are set out in one of the grounds of the motion for a new trial: "Did you at the time that Mr. Jordan offered this land for sale surrender possession of this land?" Answer: "Yes." It is alleged that the court erred in excluding the question and answer; that "this testimony was material and relevant to the issues in the case, particularly as defendant's contention was that there had been a rescission of the original trade for the land between him and Walker." Standing alone and without explanation, this question and the answer are not sufficient to enable this court to determine whether the exclusion of the testimony was prejudicial to the movant. Each ground of a motion for a new trial must be complete in itself. When was it that Mr. Jordan offered this land for sale? To whom was possession of the land surrendered? If this testimony of the defendant himself refers to a transaction had directly with the deceased, it is clearly inadmissible. Park's Ann. Code, § 5858; *Chamblee* v. *Pirkle,* 101 *Ga.* 792 (29 S. E. 20); *Dowdy* v. *Watson,* 115 *Ga.* 47 (41 S. E. 266); *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204).

5. The notes sued on by the executrix were given to the deceased for the purchase price of land. The defendant offered an amendment to his plea, in which amendment he alleged: "that after the death of the said B. Sanders Walker, and after the agreement was made as set forth in paragraph 3 of the original answer, a man by the name of Walker, who was representing the estate of B. Sanders Walker, made and entered into an agreement with this defendant to the effect that if this defendant would secure the payment of the $202.50 note with a mortgage, he would carry out the original contract with this defendant that was made by the said B. Sanders Walker in his lifetime; that is to say, that he, the said Walker, would construct and build a house upon said land of this defendant. Defendant shows that on the strength of this proposition and agreement made by the said Walker, and appearing to represent the said B. Sanders Walker, he gave a mortgage to secure the payment of the said $202.50 note, with the express understand-

ing that said house was to be built without any delay. Defendant shows that the said Walker who made this agreement with the defendant did not build said house, did not carry out said trade as he agreed, and the consideration for said transaction has wholly failed." The court did not err in refusing to allow the amendment. It is indefinite as to the person with whom the alleged agreement was made, and does not show that he had any authority to make the agreement and thus bind the estate to complete a house "without delay." Besides, this suit was brought on the original notes, and the failure of the "man by the name of Walker" to build the house, even if such an agreement was made and the mortgage executed, could not affect the suit on the notes or the consideration thereof, but could only affect the consideration of the mortgage, and no effort was being made to enforce the latter.

6. The evidence of the defendant himself shows that on May 3, the date of the death of the decedent, the defendant had in his possession the bond for title given him, and was living on the land, and that he "moved away the fall suit was brought, . . moved away in December." Suit was brought on November 11, and served on November 15. This evidence in connection with the other evidence in the case authorized a finding for the plaintiff, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*