## GREAT EASTERN CASUALTY COMPANY *v.* HAYNIE.

1. It was not error for the judge, sitting without a jury, to render judgment for damages and attorney's fees, as well as for the amount stated in the face of the insurance policy, in a suit pending thereon in the city court of Millen, the case being in default, and no jury having been demanded.

2. The allegations of fraud relied upon to set aside the judgment rendered in the city court of Millen were insufficient, the same being conclusions, without any statement of facts to sustain them.

3. The court having jurisdiction of the parties, the matter of service and agency having already been determined contrary to the contentions of the plaintiff in error, the latter has had all of the opportunities to be heard that are usual in such proceedings, and has not been denied due process of law.

JUNE 14, 1917.

Equitable petition. Before Judge Hammond. Richmond superior court. June 8, 1916.

*Callaway & Howard,* for plaintiff.

*William H. Fleming,* for defendant.

GILBERT, J. This case comes upon a writ of error to a judgment sustaining a demurrer to a petition by which it was sought to set

aside a judgment rendered in the city court of Millen, and to restrain and enjoin the enforcement of that judgment.

1. One of the grounds relied upon by the plaintiff in error for setting aside the judgment was that the court rendered judgment for $750 liquidated damages, and for $500 as attorney's fees, as provided by the Civil Code (1910), § 2549, as well as for the principal sum named in the policy of insurance, contending that under said section such damages and attorney's fees could only be awarded after trial by a jury. The statute creating the city court of Macon is almost identical with that creating the city court of Millen, in respect to the rendition of judgments without a jury. In *Sutton* v. *Gunn,* 86 *Ga.* 652 (2), 655 (12 S. E. 979), Chief Justice Bleckley, speaking for the court, upheld the validity and reasonableness of the provision of the Macon act, with his customary clearness and logic, rendering it useless to enter upon the same discussion in this case. See also *Terry* v. *Drew,* 143 *Ga.* 473 (85 S. E. 314). In the present case the judge of the city court of Millen acted both as judge and jury. He had legal authority to render judgment, under the statutory provision, as well for damages and for attorney's fees as for the face of the policy.

2. Another ground relied upon for setting aside the judgment was, that the withholding from the petitioner of all notice and knowledge of the filing of said suit or the pendency thereof, until after default judgment was rendered, was the result of fraudulent collusion between the defendant and R. N. Berrien, and was a fraud against the petitioner, unmixed with fault or negligence on its part, the suit having been served on R. N. Berrien as agent of the defendant, and the defendant denying such agency. This is treated in the brief of counsel for the plaintiff in error as sufficient allegation of fraud for setting aside the judgment. We do not think, however, that it amounts to an allegation of fraud. "Pleadings must state facts, and not legal conclusions; and fraud is never sufficiently pleaded except by the statements of the facts upon which the charge is based." *Tolbert* v. *Caledonian Ins. Co.,* 101 *Ga.* 741, 746 (28 S. E. 991). It was not the duty of the plaintiff to give notice to the defendant other than by the filing of the suit, and the securing of proper service.

3. If Berrien was an agent of the defendant in the county of Jenkins, and was properly served as such, the city court of Millen

had jurisdiction, whether such agent ever notified his principal or not. These matters have all been determined adversely to the plaintiff in error, and are now res adjudicata. *Great Eastern Casualty Co. v. Haynie,* 16 *Ga. App.* 643 (85 S. E. 938).

The petitioner having had the benefit of notice, and all of the usual opportunities of being heard before judgment, there was no denial of due process of law. *Arthur* v. *State,* 146 *Ga.* 827 (92 S. E. 637).          *Judgment affirmed. All the Justices concur.*