## 18720. PRATT *v.* THE STATE.

DECIDED APRIL 10, 1928.

*Homer Watkins,* for plaintiff in error.

*George D. Anderson, solicitor-general,* contra.

BLOODWORTH, J. The indictment charged N. A. Pratt with the offense of "misdemeanor," for that he did "wilfully and maliciously injure and destroy a certain wooden bridge over and across the Coosawattee river, about five miles below Ellijay, Ga., said bridge being the private property of W. D. Ralston and E. W. Watkins, said bridge being of the value of $200." The judge did not err in holding that the indictment charged the accused with having committed a felony, nor "in forcing him to go to trial as for a felony, when the indictment charged a misdemeanor." The indictment shows that it was based on section 750 of the Penal Code of 1910, and, therefore, charged a felony. "It is not the name, but the description of the crime, which characterizes the offense charged." *Lipham* v. *State,* 125 *Ga.* 52 (53 S. E. 817, 114 Am. St. R. 181,

5 Ann. Cas. 66); *Lummus* v. *State,* 17 *Ga. App.* 414 (87 S. E. 147), and cit.

■ Grounds 2 and 3 of the amendment to the motion for a new trial allege merely that the court "erred" in giving to the jury certain specified instructions. Such an assignment of error will be considered only as far as is necessary to ascertain whether or not each of the excerpts from the charge contains a correct abstract proposition of law. *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 501 (4, 4a) (33 S. E. 644); *Bullock* v. *State,* 115 *Ga.* 241 (41 S. E. 609). Instead of each showing such a proposition, each shows an attempt to make a concrete application of law to facts. This being true, the general rule just quoted is not applicable, and the assignments of error are too general, too indefinite; they do not specify what the defects in these excerpts are, do not point out the specific vice in each charge. This they should do, and, failing in this, they can not be considered. *Van Dyke* v. *Van Dyke,* 31 *Ga. App.* 67 (4) (119 S. E. 436); *Wade* v. *Eason,* 31 *Ga. App.* 256 (120 S. E. 440); *Riddle* v. *Sheppard,* 119 *Ga.* 930 (3) (47 S. E. 201).

■ Grounds 4 and 5, based upon refusal of the judge to give to the jury certain requested instructions, are not in proper form for consideration, as in neither of them is it alleged that "the requested instructions were pertinent and applicable to the facts of the case." *Ward* v. *Gardner,* 35 *Ga. App.* 569 (2) (134 S. E. 346). Nor does it appear that the requests to charge were "presented to the judge before the jury retired to consider their verdict." *Burch* v. *State,* 34 *Ga. App.* 179 (2) (128 S. E. 587).

■ Ground 6 raises no question for determination, as it does not show what objection was made to the admission of the evidence when it was offered, nor that the objection was then urged. *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (134 S. E. 346); *Shirley* v. *Byrd,* 162 *Ga.* 598 (134 S. E. 316); *Gray* v. *State,* 33 *Ga. App.* 596 (127 S. E. 414).

■ The 7th special ground of the motion alleges that the court illegally withheld from the jury certain evidence. It does not allege that such illegal withholding was prejudicial or harmful in any way to the accused; nor does it appear that the excluded testimony was material and would have benefitted the complaining party. To authorize a new trial, grounds of a motion must show not only

error but injury; and, no injury being alleged in this ground, it is without merit. *Brown* v. *Atlanta*, 66 *Ga.* 76; *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712); *Campbell* v. *Walker*, 20 *Ga. App.* 88 (4) (92 S. E. 545).

There is an abundance of evidence to support the verdict, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*