## 21088. ROBINSON *v.* THE STATE.

DECIDED APRIL 1, 1931.

*Darsey & Darsey,* for plaintiff in error.

*Frank B. Willingham, solicitor-general,* contra.

LUKE, J. Sam Robinson was indicted for manufacturing intoxicating liquor, and was convicted of the offense charged. He excepts to the overruling of his motion for a new trial.

■ The State's case is substantially this: At about three o'clock in the afternoon of August 10, 1929, in Henry county, certain officers found a two-hundred-gallon still in active operation. At the still were found about one hundred gallon-cans of whisky, about three hundred empty cans, and a quantity of "beer." There was a fire in the furnace, whisky was running out of the worm into a tub, and the defendant "was pouring this liquor into the cans from the tub." "One of the negroes brought in a turn of wood . . and the other was pouring up some beer." The only persons found at the still were two negroes and the defendant, who was a white man. All three of these persons fled upon the approach of the officers. These two negroes testified in behalf of the defendant that there were others at the still besides themselves and the defendant,

but they did not name or describe any of those persons. The defendant stated to the jury that he "saw smoke up there" and "slops running down the branch," and walked up there to get a drink; and that after he had been at the still about ten minutes, he heard two or three shots, "and they all commenced running, and I run too." We are satisfied that the evidence supports the verdict. In this connection see *Lindsay* v. *State,* 32 *Ga. App.* 74; *Yonce* v. *State,* 154 *Ga.* 419 (same case, 29 *Ga. App.* 173); *Harper* v. *State,* 33 *Ga. App.* 339; *Chapman* v. *State,* 38 *Ga. App.* 345.

■ Three of the four special grounds of the motion for a new trial are controlled adversely to the plaintiff in error by the following rule of law: A general exception to a designated excerpt from a judge's charge will be considered only for the purpose of determining whether or not the excerpt states a correct abstract principle of law. If it does and there is no specific assignment of error thereon, the investigation is at an end. If it does not, this court will examine the record to ascertain whether or not the complaining party has been injured thereby. *Anderson* v. *So. Ry. Co.,* 107 *Ga.* 500 (4); *White* v. *State,* 141 *Ga.* 526; *Frank* v. *Adams,* 144 *Ga.* 270 (2); *Seaboard Air-Line Ry. Co.* v. *Barrow,* 18 *Ga. App.* 261 (3); *Pratt* v. *State,* 38 *Ga. App.* 114, 115. The first of the said three grounds, numbered 1, is in this language: "Defendant excepts to the following excerpt from the charge of the court and assigns the same as error: "But if the jury believes that the State has made out its case beyond a reasonable doubt of the defendant's guilt, then, I charge you, it would be the duty of the jury to convict the defendant." In both form and substance special ground 3 is practically the same as the foregoing ground. The "reasonable-doubt rule" is seasoned with age and is codified in the Penal Code (1910), § 1013. In short, the excerpt set out in each of these special grounds states a correct abstract principle of law, and, in the absence of some specific assignment of error, our inquiry goes no further.

It is only necessary to say in regard to special ground 4, which is the last of the three grounds referred to, that the excerpt from the charge complained of is in substance the rule laid down in *Lindsay* v. *State,* 32 *Ga. App.* 74 (3), which is this: "Presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing an officer approaching, may, when not satisfactorily

explained, authorize a jury to find him guilty of making such liquor." The assignment being general, and the law charged abstractly correct, this ground discloses no error.

■ The only other special ground which has not been considered is numbered 2. In it error is alleged because, after charging the law of circumstantial evidence as stated in the Penal Code (1910), § 1010, "the court failed to state that it was the rule of the particular case." This precise question was decided adversely to the contention of plaintiff in error in *Owens v. State,* 139 *Ga.* 92 (1). *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*