### 21880. PEACOCK *et al. v.* CASE COMPANY.

BROYLES, C. J. 1. "Section 3309 of the code [section 5103 of the Civil Code of 1910] declares that a general judgment may be rendered against a defendant in an attachment case, after compliance with the provisions of that section in relation to giving the defendant written notice of the pendency of the attachment; and section 3310 [section 5104 of the Civil Code of 1910] provides that, in such cases, the defendant may appear and make his defense at any time before final judgment is rendered against him. It certainly can not have been the intention of the legislature to put a defendant in attachment cases upon any better or more favorable ground than defendants in ordinary suits. The notice and service provided for in section 3309 take the place of process and service in common-law actions. The effect of both is to bring the defendant into court, subject him personally to its jurisdiction, and render him liable to a judgment binding upon all his property." *R. & D. Railroad Co.* v. *Mitchell,* 95 *Ga.* 78, 84 (22 S. E. 124). See also *King* v. *Randall,* 95 *Ga.* 449 (22 S. E. 683).

2. "The court shall render judgment without the verdict of a jury in all civil cases founded on unconditional contracts in writing, where an issuable defense is not filed under oath or affirmation." Civil Code (1910), § 5660. Under sections 13 and 14 of the act of November 28, 1899 (Ga. L. 1899, p. 356), establishing the city court of Eastman, the above quoted code section is applicable to cases tried in that court. See, in this connection, *Sutton* v. *Gunn,* 86 *Ga.* 652(2) (12 S. E. 979); *Terry* v. *Drew,* 143 *Ga.* 473 (85 S. E. 314); *Great Eastern Casualty Co.* v. *Haynie,* 147 *Ga.* 119 (92 S. E. 939).

3. Under the preceding rulings and the facts of the instant case, the court did not err in overruling the demurrer to the declaration in attachment, or in striking the answer to the declaration, or in rendering judg-

ment in favor of the plaintiff for the full amount sued for, including interest and attorney's fees; the judgment being a special judgment against the property levied on, and a general judgment in personam against the defendants.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 15, 1931. REHEARING DENIED JANUARY 12, 1932.

J. H. *Milner, Will Ed Smith,* for plaintiffs in error.

T. J. *Sappington, Winfield P. Jones,* contra.