DECIDED APRIL 6, 1939.

*Boykin & Boykin,* for plaintiff in error.
*Robert D. Tisinger, solicitor, J. L. Smith,* contra.

27390. HUGHES *v.* THE STATE.

DECIDED APRIL 6, 1939.

*Frank A. Bowers,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

MacINTYRE, J. James Hughes was convicted of robbery. To the overruling of his motion for new trial he excepted.

The Code, § 27-2401, declares that "On the trial of all felonies the presiding judge shall have the testimony taken down, and, when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and pro-

886

ceedings in the case, except the argument of counsel." Thereafter this section relates only to the testimony so taken down by the court reporter. The only exception not expressly abandoned by the defendant in this case is that "since the said trial the reporter has lost his stenographic notes of the charge of the court in said case, and has therefore been unable to and has not written up or filed the charge of the court in the said case." There is nothing in the record to show that the judge ordered the taking down of his charge by the court reporter, or the recording of the same; and even if he had done so, in the absence of a timely written request to charge, as provided in the Code, § 81-1101, the defendant can not assert more in reference to the charge than the judge is willing to concede. A failure to file or furnish the charge was a question resting solely with the judge. The record discloses no legal error. *Jones* v. *State*, 65 *Ga.* 506, 512; *Terry* v. *Drew*, 143 *Ga.* 473 (85 S. E. 314); *Brown* v. *Atlanta*, 66 *Ga.* 71, 76; *Campbell* v. *Walker*, 20 *Ga. App.* 88 (4) (92 S. E. 545); *Pratt* v. *State*, 38 *Ga. App.* 114 (142 S. E. 903). See *Bowden* v. *Achor*, 95 *Ga.* 243 (13), 263 (22 S. E. 254); *Western & Atlantic R. Co.* v. *Callaway*, 111 *Ga.* 889 (36 S. E. 967); *Lambert Hoisting Engine Co.* v. *Bray*, 127 *Ga.* 452 (56 S. E. 513).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*