EUGENIUS L. DOUGLASS, plaintiff in error, *vs.* JEFFERSON L. BOYNTON, defendant in error.

1. In a civil case, counsel have no right to read to the jury the report of a decision by this court. Questions of law must be argued to the court.
2. The verdict is supported both by the law and the evidence.

Practice in the Superior Court. New trial. Before Judge WRIGHT. Chatham Superior Court. March Term, 1877.

A *fi. fa.* in favor of Douglass against R. R. Davis was levied on certain land, which was claimed by Boynton.

On the trial, the evidence for plaintiff was, in brief, as follows:

The judgment was rendered March 16, 1869, and the levy made April 15, 1873. Davis had been in possession of the land since 1855 or 1856, and was living on it. Claimant has.been cultivating adjacent land.

The evidence for claimant was, in brief, as follows: .

In 1867, claimant boarded with Davis; the latter was in debt, and had several suits and judgments against him; claimant advanced money for him to pay off certain of these debts, he not knowing there were any more. These advances amounted to about $2,500.00. In 1868, he took a deed to the land in dispute in repayment of such amount. Since that time he has held the land by Davis as his tenant. At present there is an exchange of rentals, Davis holding this land, and claimant some of his.

Davis, after testifying concerning the conveyance of the land to claimant, stated that, in 1870 or 1871, he and claimant made a verbal agreement, "that when these troubles were over, claimant was to let me have these lands back—the home-place—and I was to let him have lots Nos. 13 and 14. Since making this verbal contract, I have had exclusive control over lands levied on, except 15; he has had exclusive control over 15, 14 and 13."

The jury found for claimant. Plaintiff moved for a new trial, on the following, among other grounds:

(1.) Because the verdict was contrary to evidence and the law.

(2.) Because the court refused to allow plaintiff's counsel to read to the jury the report of the case of *Peck vs. Land,* 2d *Georgia Reports,* saying he might read it to the court in the hearing of the jury.

The motion was overruled, and plaintiff excepted.

A. Hood; J. J. Beck; C. B. Wooten, for plaintiff in error.

D. A. Vason; B. S. Worrill, for defendant.

Warner, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the land levied on not subject. The plaintiff made a motion for a new trial, on the several grounds therein stated, which was overruled by the court, and the plaintiff excepted.

1. It appears from the record and bill of exceptions, that the plaintiff's counsel, on the argument of the case before the jury, proposed to read to them the case of *Peck vs. Land*, as reported in the 2d volume of *Kelly's Reports*, which the court refused to allow him to do, but told him he could read it to the court in the hearing of the jury, if he desired to do so. There was no error in the refusal of the court to allow the case of *Peck vs. Land* to be read to the jury, in view of the provisions of the 3d common law rule of practice in the superior courts, which declares that, "In all civil cases, questions of law shall be argued *exclusively* to the court, and questions of fact to the jury."

2. There was no error in the charge of the court to the jury, in view of the evidence contained in the record. The verbal agreement that the claimant was to let the defendant in *fi. fa.* have the home-place back after "these troubles were over," from which a trust could be inferred, was not made until 1870 or 1871—long after the conveyance of the land by the defendant in *fi. fa.* to the claimant, which was in 1868. The evidence in the record failed to satisfy the jury that the claimant had knowledge that it was the intention of the defendant in *fi. fa.*, in making the conveyance of

the land, to defraud his creditors, (if, indeed, such was his intention,) but, on the contrary, the claimant swore that he took the conveyance of the land in payment of a debt which the defendant owed him, and did not know that the defendant owed a dollar. There being no error in the charge of the court, and there being sufficient evidence in the record to sustain the verdict, if the jury believed the claimant's witnesses, and that was a question for them, the verdict was not contrary to law or the evidence, and there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.