MERCK *v.* THE STATE.

FISH, C. J. 1. Neither the evidence nor the statement of the accused, made during the trial to the jury, authorized an instruction upon the law of voluntary manslaughter. Accordingly, the judge did not err in refusing to give in charge a written request presented by counsel for the accused, defining the offense of voluntary manslaughter. Nor did the judge err in informing the solicitor-general, in the presence of the jury, that he need not discuss the law of voluntary manslaughter to the jury, as no instruction would be given on that subject.

2. The jury was instructed by the judge that they could find but one of two verdicts, "either one for murder, or for justifiable homicide, whatever the evidence and the defendant's statement, under the rules of law that I have given you in charge, convinces you of." There was a proper charge given upon the subjects of reasonable doubt, of accidental killing, as well as insanity, and at the close of the charge, after instructing the jury as to the forms of the verdicts for murder, and for murder with a recommendation of life imprisonment, the charge was closed with the following instruction: "If you believe the State has not made out a case of murder, or for any of the reasons that I have given you in charge that the defendant is guiltless of any offense and should not be

convicted, the form of your verdict would be, 'we the jury find the defendant not guilty.' " The instruction first quoted in this headnote was not erroneous "in that it was a direct intimation to the jury that murder had alone been proven under the evidence, . . because the court nowhere in its charge either explained or defined justifiable homicide to the jury." The theory of justifiable homicide was not presented, either by the evidence or the statement of the accused.

3. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*

NOVEMBER 14, 1911.

Indictment for murder. Before Judge Jones. Hall superior court. August 17, 1911.

*B. P. Gaillard,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *Robert McMillan, solicitor-general,* contra.