## 5912. ODUM *v.* RUTLEDGE *et al.*, administrators.

BROYLES, J. 1. Under the rulings of this court and of the Supreme Court, this court will not search through the record to find errors, when they are not specifically pointed out in the assignments of error or in the grounds of the motion for a new trial. The rule is that each ground of the motion for a new trial must be complete in itself.

2. Grounds of a motion for a new trial complaining that certain excerpts from the charge of the court are not adjusted to the evidence or to the contentions of either of the parties, without specifying wherein they are not so adjusted, are not sufficiently specific to be considered. The 1st and 2d grounds of the motion for a new trial, for this reason, can not be considered.

3. The complaint in the 3d ground of the amendment to the motion for a new trial, that "the charge as a whole totally fails to set forth the measure of damages by which the plaintiff, if at all, should recover from the defendant," and. the complaint in the 5th ground, that "the charge failed to give the jury a definite and correct rule by which to compute what sum, if any, was due by the defendant to plaintiff," are too general, vague, and indefinite to be considered. However, we think that the charge in this case clearly and fully submitted to the jury all the issues in the case, and all the material contentions of the parties, and, if any fuller charge was desired upon the measure of damages and the rule of computing the same, counsel, by timely written request, should have invoked a charge thereon. See *Thomas* v. *Parker*, 69 *Ga.* 283 (5).

4. The assignment of error in the 4th ground is without merit, as the pleadings in the former trover case of Odum against Rutledge show that the only issue decided in that case was as to the title to the cotton crop, the relation of landlord and cropper existing (the amount of the cotton not being in issue) ; and hence the court's charge to that effect was not erroneous.

5. The question and answer set out in the 6th ground, standing alone and without explanation, are not sufficiently intelligible to enable this court to determine whether they were prejudicial to the plaintiff in error.

6. The 7th ground, complaining that the court refused to allow the plaintiff in error to testify what his testimony was on the trial of the former trover case, as to the contract between himself and Rutledge (the defendant in that case), is without merit, since it appears that the latter was deceased and that his administrator was the defendant in the instant case, and the effect of the admission of such testimony would, by indirection, have been to permit the witness to testify as to transactions had with the deceased. Civil Code, § 5858, par. 1.

7. The 8th ground of the amendment to the motion for a new trial presents no specific assignment of error for the court to pass on, and is merely an argumentative recital that the verdict was not authorized by the evidence.

8. The verdict was authorized by the evidence, and the judgment overruling the motion for a new trial is                *Affirmed.*

DECIDED MAY 17, 1915.

Complaint; from city court of Ashburn—Judge Tipton. June 26, 1914.

*J. A. Comer, J. H. Pate,* for plaintiff in error.
*J. T. Hill, John B. Hutcheson,* contra.