## 9565.  PROPES *v.* THE STATE.

BROYLES, P. J.  1. The grounds of the motion for a new trial that complain of the admission of illegal testimony can not be considered, since they are fatally defective in failing to set out the testimony objected to, and in failing to state what, if any, objections were urged at· the time it was offered.

2. The ground of the motion for a new trial relating to a refusal of the court to allow counsel for the accused to propound a certain question to a witness is insufficient, as it is not shown that the court was apprised of the expected answer.

3. Under the evidence, as disclosed by the record, the offense of involuntary manslaughter was not involved, and the court could not properly have charged the jury upon that grade of homicide.  It was not error, therefore, for the court to instruct the jury that "the only manslaughter that the court will charge you on—that he thinks applicable to the evidence—is· voluntary manslaughter."  *Choice* v. *State,* ·31 ·*Ga.* 424, 469; *Sanders* v. *State,* 113 *Ga.* 267 (38 S. E. 841); *Dotson* v. *State,* 129 *Ga.* 727 (59 S. E. 774); *Worley* v. *State,* 136 *Ga.* 231 (71 S. E. 153); *Merck* v. *State,* 137 *Ga.* 89 (72 S. E. 896).

4. In view of the ample, fair, and correct charge of the court upon the issues involved, and on the law relating to dying declarations, and in the absence of timely written requests for fuller and more particular instructions, there is no merit in the grounds of the motion for a new trial which complain of the failure of the court to give certain instructions set out, as to the weight of dying declarations.

5. The statement in the charge of the court that "this defendant says, when he shot this man, the deceased had cursed him, had struck him with his hand and. was advancing upon him with a knife, and that he was manifestly intending and endeavoring by violence, that is by the use of a knife upon him, to commit a felony upon him by stabbing him, and that he shot him in order to prevent the commission of that felony," can not be held to be incorrect in that, as alleged in the assignment of error thereon, the defendant did not contend that he had ever been actually struck by the deceased.  The statement of the accused is not before this court, only so much of the brief of the evidence as contains the testimony of two witnesses for the ·State being specified in the bill of exceptions and sent up in the record, as material to an understanding of the case.  Moreover, it appears from the evidence sent up that one of the witnesses testified that the defendant stated to him, in explanation of the shooting, that "Ernest [the deceased] hit him with his fist and knocked him against the post, and then was coming on him with his knife."  See *Robinson* v. *State,* 109 *Ga.* 506 (5) (34 S. E. 1017); *Wrightsville &c. R. Co.* v. *Gornto,* 129 *Ga.* 204 (2), 206 (58 S. E. 769).

6. The verdict was authorized by the evidence specified by the plaintiff in error and transmitted to this court, and the court did not err in refusing to grant a new trial.

*Judgment affirmed.  Bloodworth and Harwell, JJ., concur.*

DECIDED MAY 1, 1918.

Conviction of manslaughter; from Fulton superior court—Judge Hill.   January 2, 1918.

*John S. Highsmith,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.