## 10357.  McCall v. The State.

Broyles, P. J.  1. Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court.  Under this ruling the 1st, 2d, 3d, 4th, 5th, and 7th special grounds of the motion for a new trial will not be considered.  Some of these grounds are also defective in other particulars.

2. "Prejudicial remarks made by the court in the hearing of the jury furnish no ground for a new trial, but in such a case a motion to declare a mistrial should be made, and upon the judge's refusal to grant this motion his ruling would be subject to review.  Counsel having failed to make such a motion and having proceeded with the trial without objection, he can not in a motion for a new trial raise a question as to the prejudicial nature of the remarks complained of."  Stapleton v. State, 19 Ga. App. 36 (13), 38 (90 S. E. 1029), and authorities there cited.  Under this ruling there is no merit in the 6th special ground of the motion for a new trial.

3. Under all the facts of the case it does not appear that the judge abused his discretion in refusing to allow the defendant to make a second statement to the jury.

4. A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions.  Hill v. State, 18 Ga. App. 259 (89 S. E. 351), and cases there cited.  Under this ruling the instruction set out in the 9th special ground of the motion for a new trial is not erroneous for any reason assigned.

5. The 10th special ground of the motion for a new trial complains that the sentence, "under the facts of the case, was unusual and excessive."  This question can not be raised in a ground of a motion for a new trial.  Sable v. State, 22 Ga. App. 768 (97 S. E. 271).

6. The verdict was authorized by the evidence, and, having been approved by the trial judge, this court has no authority to interfere.

Judgment affirmed.  Bloodworth, J., concurs.  Stephens, J., concurs specially.

Stephens, J.  I concur in all except the rulings stated in paragraphs 1, 2, and 4.  None of the assignments of error, however, contains any merit, and the judgment denying a new trial should be affirmed.  If there was any error as set out in the 9th special ground of the motion for a new trial, it was cured elsewhere in the charge.

Decided May 16, 1919.  Rehearing denied June 9, 1919.

(Certiorari granted by the Supreme Court.)

Indictment for seduction; from Crisp superior court—Judge Crum.  December 31, 1918.

E. F. Strozier, D. E. Griffin, F. A. Hooper, for plaintiff in error.

J. B. Wall, solicitor-general, Max E. Land, Hal Lawson, contra.