11240.  GEORGIA LAND & SECURITIES CO. *v.* CHAPMAN.

BROYLES, C. J. 1. The court, in admitting the documentary evidence referred to in the 1st special ground of the motion for a new trial, erred in restricting it to the purpose of comparison as to the defendant's handwriting. Under all the facts of the case this evidence should have gone to the jury without any restriction whatever.

2. A ground of the motion for a new trial which assigns error on the refusal to allow a witness to answer a certain question, but does not show that at the time of the ruling complained of the court was informed as to the answer expected from the witness, is too defective to be considered.

3. The court erred in allowing, over the objections of the plaintiff, the defendant's counsel to read to the jury a case from the Georgia Reports, and to argue, in effect, that the decision of the Supreme Court in that case, under the facts of both cases, was controlling as to a vital issue in the case being tried. *Douglass* v. *Boynton,* 59 *Ga.* 283; *Hudson* v. *Hudson,* 90 *Ga.* 581 (3) (16 S. E. 349); *Central of Georgia Ry. Co.* v. *Hardin,* 114 *Ga.* 548 (5) (40 S. E. 738).

4. The court having charged the jury upon the subject of the impeachment of witnesses, it was error, under all the facts of the case, to fail to instruct them, even in the absence of an appropriate written request, that if a witness swear wilfully and knowingly falsely, his testimony ought to be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence.

5. The special grounds of the motion for a new trial not dealt with above are without substantial merit, or show errors which are not likely to recur upon another trial.

6. As there must be another trial of the case on account of the several errors pointed out, the sufficiency of the evidence to support the verdict is not passed upon.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1920.

Complaint; from Liberty superior court — Judge Sheppard. December 18, 1919.

David L. Chapman was sued by the Georgia Land & Securities Company on certain promissory notes purporting to have been signed by him and payable to Silas W. Ferguson, one for $1,200 principal and others for interest thereon, dated July 15, 1916, to secure which, it was alleged, he executed a conveyance of certain land to Ferguson. In his answer and his evidence the defendant denied that he had signed the notes or the deed. The verdict was for the defendant. The documentary evidence referred to in paragraph 1 of the foregoing decision was a voucher of the Georgia Land & Securities Company, dated July 17, 1916, for $1,200, payable to the order of David L. Chapman and indorsed in his name, and admitted to have been indorsed by him, which contained the words: "In full for loan upon real estate security, further evidenced by my note, dated July 15, 1916, in favor of Silas W. Ferguson, of Worcester, N. Y., for $1,200.00, for whose account this money is received from you." When offered in evidence by the plaintiff counsel for the defendant objected to its introduction, upon the ground that it was irrelevant and immaterial except for the purpose of comparison of the signature of Chapman thereon with the signatures of the notes and the deed. The trial judge sustained the objection and admitted it in evidence solely for this purpose. In the 1st special ground of the plaintiff's motion for a new trial it is contended that the court erred in thus rejecting this writing as material evidence for the plaintiff on the other issues in the trial.

*Oliver & Oliver,* for plaintiff.

*Parker & Parker,* for defendant.