### 11908. JOINER *v.* PARADICE.

BROYLES, C. J. 1. Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial will not be considered unless it is complete and understandable within itself.

(*a*) A ground based upon the exclusion of material evidence is too incomplete to be considered where it fails to show on what ground the evidence was excluded or wherein the court erred in excluding it, or where the materiality of the evidence cannot be ascertained without an examination of other parts of the record. *Central of Georgia Railway Co.* v. *Jaques,* 23 *Ga. App.* 396(2) (98 S. E. 357); *Corona* v. *DeLaval Separator Co.,* 24 *Ga. App.* 683 (1) (102 S. E. 44); *Summerlin* v. *State,* 25 *Ga. App.* 568(1 *b*) (103 S. E. 832). Under the above rulings neither ground of the amendment to the motion for a new trial in the instant case raises any question for the consideration of this court.

2. The evidence amply authorized the verdict and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JANUARY 25, 1921.

Complaint; from city court of Sandersville — Judge Jordan. September 27, 1920.

The action was upon promissory notes of the defendant, Mrs. E. A. Joiner, payable to L. D. Paradice, the plaintiff. The defendant pleaded that the notes were executed in settlement of a debt of her husband, for which she was not liable. On the trial she testified to this effect. The plaintiff testified that he sold to the defendant, and not to her husband, the stock of goods for which the notes were given; that the husband offered to sign the notes as principal, with the wife as security, but he declined the offer and refused to sell the goods to the husband, and did not sell them until she had agreed to purchase them and give her individual notes; that in conversations with the husband in regard to the purchase of the goods he dealt with the husband as the wife's agent. Tax returns of the husband " as agent " were introduced

in evidence. The verdict was for the plaintiff. The defendant's motion for a new trial was overruled, and she excepted. The special grounds of the motion were as follows:

(1) "Because the following material evidence offered by movant was illegally held from the jury against the demand of the movant, to wit: Evidence of Mrs. E. A. Joiner, movant, as follows: 'When Mr. Lem Sheppard brought me the notes to sign, I told Mr. Sheppard that I was opposed to my husband buying the stock of goods from Mr. Paradice, and that, while I had agreed to sign the notes as security for the purchase price of said stock, I was doing so against my judgment and under protest.'"

(2) "Because the following material evidence offered by the movant was illegally withheld from the jury against the demand of the movant, she offered A. C. Hartley, whose testimony was as follows: 'When Mr. L. D. Sheppard brought the notes to the store on the morning they were to be executed by Mrs. E. A. Joiner, and Mr. Lem Sheppard started to the house of Mrs. E. A. Joiner, her husband, Mr. Boatman Joiner, told Mr. Lem Sheppard, in the presence of myself and Mr. Paradice, to be sure and not let Mrs. Joiner know but what he, the husband, was going to sign the notes also, as she would refuse to sign the notes if she knew that he, her husband, was not going to sign them.' The court refused to permit this evidence, as well as the testimony of movant before set forth, on the ground that it was hearsay, and was therefore not admissible, and movant declares that said ruling was erroneous as against the movant."

*M. L. Gross,* for plaintiff in error.
*W. M. Goodwin,* contra.