12515.　VEAL *v.* THE STATE.

BROYLES, C. J. 1. The defendant was charged with an assault and battery, and he made a motion for a continuance of the case, on the ground of the absence of a material witness. Upon the hearing of the motion the defendant testified that he expected to prove by the absent witness that a few days before the assault he (the witness) saw the prosecutor pass the defendant and " throw his hand on his pistol," and that he also, prior to the difficulty, heard the prosecutor threaten to kill the defendant. It was not shown, however, that the menacing movement of the prosecutor was seen by the defendant or the threat heard by him, or that he had been informed of either before the assault and battery was committed. The court denied the continuance, holding that the evidence would not be admissible if the witness were present. This judgment was excepted to on the following grounds: "(a) The evidence of the absent witness would have tended strongly to illustrate the motive with which the defendant acted at the time of the difficulty. (b) Because the ruling of the court was tantamount to declaring that the defendant could not show the previous conduct of the prosecutor as illustrating the necessity on his part for doing something in his defense at the time of the difficulty, when the prosecutor attempted to draw his pistol on the defendant. (c) Because the ruling of the court was tantamount to declaring that any evidence as to the previous relation between the parties was not admissible, thereby shutting the de-

fendant off from offering any testimony except his own statement going to show that the conduct of the prosecutor at the time of the difficulty was such as to reasonably justify the defendant in apprehending serious bodily injury and to furnish a justification for the assault and battery administered to the prosecutor." *Held*, that it does not appear that the court, for any reason assigned, abused its discretion in denying the continuance.

2. None of the instructions complained of, when considered in connection with the rest of the charge of the court and the facts of the case, shows reversible error.

3. A ground of the motion for a new trial complains that on cross-examination of a named witness the court, upon motion of the State, excluded the following testimony: "I have not plotted to kill him, nor made any remarks that I was going to." The ground does not disclose what person the pronoun "him" refers to, and an examination of the brief of evidence would be necessary to ascertain this fact. Under repeated rulings of the Supreme Court and of this court, that a ground of a motion for a new trial will not be considered unless it is complete and understandable within itself, this ground is too indefinite and incomplete to raise any question for determination by this court.

4. The verdict was demanded by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 26, 1921.

Accusation of assault and battery; from city court of Dublin — Judge Sturgis. May 16, 1921.

*J. S. Adams, R. Earl Camp,* for plaintiff in error.

*William Brunson, solicitor,* contra.