## 13258. FRANKLIN v. THE STATE.

BLOODWORTH, J. 1. (*a*) "A ground of the motion for a new trial which assigns error on the refusal to allow a witness to answer a certain question, but does not show that at the time of the ruling complained

of the court was informed as to the answer expected from the witness, is too defective to be considered." *Georgia Land & Securities Co.* v. *Chapman,* 25 *Ga. App.* 185 (2) (103 S. E. 414); *Propes* v. *State,* 22 *Ga. App.* 254 (2) (95 S. E. 939); *Griffin* v. *Henderson,* 117 *Ga.* 382 (2) (43 S. E. 712).

(*b*) " Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall* v. *State,* 23 *Ga. App.* 770 (99 S. E. 471); *Roddenberry Hardware Co.* v. *Merritt,* 17 *Ga. App.* 425 (87 S. E. 681), and citations.

(*c*) " Under the rulings of this court and of the Supreme Court, this court will not search through the record to find errors, when they are not specifically pointed out in the assignments of error or in the grounds of the motion for a new trial. The rule is that each ground of a motion for a new trial must be complete in itself." *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (85 S. E. 361).

The foregoing rulings dispose of the special grounds of the motion for a new trial.

2. There is ample evidence to support the verdict, and it has the approval of the judge who tried the case.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 11, 1922. REHEARING DENIED MAY 10, 1922.

Indictment for misdemeanor; from Terrell superior court — Judge Worrill. December 10, 1921.

*Parks & Parks,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold, E. C. Hill,* contra.

### ON MOTION FOR REHEARING.

Even if the grounds of the amendment to the motion for a new trial had been complete and understandable without a reference to other parts of the record, they were without merit; as evidence in a criminal case is not incompetent because it was obtained by an unlawful search and seizure. *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893); *Johnson* v. *State,* 152 *Ga.* 271 (109 S. E. 662).

> *Rehearing denied.*