### 13459. CATHEY *v.* THE STATE.

1-8. The special grounds of the motion for a new trial are not in proper form for consideration.
9. There was evidence to support the verdict.

DECIDED JUNE 14, 1922.

Indictment for possessing intoxicating liquor; from Fulton superior court — Judge Humphries. March 1, 1922.

*C. Don Miller,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. 1. "Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial will not be considered unless it is complete and understandable within itself." *Joiner* v. *Paradice,* 26 *Ga. App.* 188 (105 S. E. 867).

2. "While, upon the request of the accused, it is the duty of the court, as far as practicable, to have the witnesses separately examined without the hearing of each other, it is no such abuse of discretion as will be cause for the reversal of a judgment denying a new trial, that, at the request of the solicitor-general, the trial judge permitted two of the witnesses for the State to remain in the court room to assist in the prosecution of the case." *Shaw* v. *State,* 102 *Ga.* 660 (5), 667 (29 S. E. 477).

3. "A ground of a motion for a new trial in which error is assigned on the exclusion of certain testimony is insufficient when

it does not appear from the ground itself that the exclusion of the testimony was prejudicial to the complaining party." *Campbell* v. *Walker,* 20 *Ga. App.* 88 (4), (92 S. E. 545).

4. "Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to a brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall* v. *State,* 23 *Ga. App.* 770 (99 S. E. 471).

"5. Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial which complains of the exclusion of documentary evidence will not be considered, unless such evidence is set forth in the ground or attached thereto as an exhibit." *Campbell* v. *State,* 24 *Ga. App.* 138 (4) (100 S. E. 30).

6. "It is a well established rule of practice that a ground of a motion for a new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time the objection was made; otherwise no question is raised for determination. *City of Rome* v. *Mc-Williams,* 145 *Ga.* 191 (88 S. E. 931)." *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (102 S. E. 425). See also *Franklin Buggy Co.* v. *Carter,* 21 *Ga. App.* 578 (94 S. E. 820).

7. It is not sufficient to allege in a ground of a motion for a new trial that the movant contends that the court erred. "Such language as to a contention when the motion for a new trial was made does not show that objection was made to the evidence when offered, on the ground stated, or on any other ground." *Whiddon* v. *Salter,* 144 *Ga.* 77 (2) (86 S. E. 243).

8. Under the rulings in the foregoing cases none of the special grounds of the motion for a new trial presents any question for consideration by this court.

(*a*) Ground 1 does not show that White was sworn as a witness.

(*b*) It would require reference to other parts of the record to ascertain what "bottles and cans," what "window," what "documentary evidence," what "place," and what "pump" were referred

to in special grounds 2 to 6 inclusive, and to ascertain whether or not the evidence was harmful to the accused.

(c) None of the special grounds from 2 to 6 inclusive show that the objections urged in the motion for a new trial were urged at the time that the evidence was submitted.

(d) Ground 7 of the amendment to the motion for a new trial does not show that the jurors referred to therein had any connection whatever with this case.

9. There was evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*