### 15270.  WELLBORN *v.* THE STATE.

BLOODWORTH, J.  1.  "Where the trial judge promised that certain testimony, which counsel for the accused had moved to exclude on the ground that it did not connect the accused with the crime for which he was being tried, would be excluded unless such connection were shown, failure to make any subsequent motion to exclude it could be treated by the court as a waiver of the objection, and failure to exclude it is not cause for a new trial." *Quinn* v. *State*, 22 *Ga. App.* 632 (2) (97 S. E. 84). See also cases cited in the opinion (p. 634), and *Goldberg* v. *State*, 25 *Ga. App.* 200 (7) (103 S. E. 90), and citations.  The principle announced in the foregoing cases disposes of special grounds 1, 2, and 3 of the motion for a new trial.

2. It is alleged that the court erred in admitting, over the objection that the evidence was irrelevant and immaterial, the following testimony for the State: "I went twice to the apartment house of Mr. Miller on West Peachtree street.  I went into the room that was occupied by Mrs. Spillane.  I saw some socks there at the time when I was there.  I didn't know at that time they were Mr. Miller's.  I saw about three

pair, I believe, there." To ascertain who are Mr. Miller and Mrs. Spillane, and whether this testimony is irrelevant as contended, would require reference to some other portion of the record. See *Franklin* v. *State*, 28 *Ga. App.* 460 (1*b*, *c*) (112 S. E. 170). The ruling in that case disposes of this ground of the motion for a new trial.

3. There is some evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 16, 1924.

Indictment for robbery; from Fulton superior court—Judge Humphries. December 8, 1923.

*H. A. Allen, Hall & Finch,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, R. H. Pharr,* contra.