### 16296. DELK *v.* STRICKLAND.

The grounds of the motion for a new trial which complain of error in admitting evidence are not in proper form for consideration.

The instruction complained of is not erroneous, when considered with the remainder of the charge of the court.

The verdict is supported by evidence.

DECIDED MAY 14, 1925.

Complaint; from city court of Reidsville—Judge Cowart. January 21, 1925.

*E. C. Collins,* for plaintiff in error.

*H. C. Beasley,* contra.

BLOODWORTH, J. 1. "Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall* v. *State, 23 Ga. App.* 770 (99 S. E. 471); *Roddenberry Hardware Co.* v. *Merritt, 17 Ga. App.* 425 (87 S. E. 681), and citations. "Under the rulings of this court and of the Supreme Court, this court will not search through the record to find errors when they are not specifically pointed out in the assignments of error or in the grounds of the motion for a new trial. The rule is that each ground of a motion for a new trial must be complete in itself." *Odum* v. *Rutledge, 16 Ga. App.* 350 (85 S. E. 361). "A ground of a motion for a new trial in which error is assigned on the exclusion of certain testimony is insufficient when it does not appear from the ground itself that the exclusion of the testimony was

prejudicial to the complaining party." *Campbell* v. *Walker*, 20 *Ga. App.* 88 (4) (92 S. E. 545). "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712). "An assignment of error based upon the refusal of the trial judge to permit an answer to a question presents no ground for review, unless the answer sought to be elicited is stated to him at the time of the ruling complained of." *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (3) (64 S. E. 703). And see *Veal* v. *State*, 27 *Ga. App.* 300 (3) (108 S. E. 243); *Anderson* v. *Savannah Press Publishing Co.*, 100 *Ga.* 454 (1) (28 S. E. 216). "A ground of a motion for a new trial assigning error upon the admission of evidence will not be considered unless the evidence is sufficiently set forth for the question of its admissibility to be determined without reference to other parts of the record." *Pound* v. *Smith*, 146 *Ga.* 431 (5) (91 S. E. 405). See also *Allen* v. *State*, 29 *Ga. App.* 213 (2 *a, b*) (114 S. E. 583). At least one, if not more, of the foregoing rulings is applicable to each ground of the motion for a new trial based upon the rejection or admission of evidence, and under these rulings none of these grounds of the motion for a new trial present any question for review.

2. The excerpt from the charge of which complaint is made in the motion for a new trial, when considered in connection with the remainder of the instructions given, is not erroneous. "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Grant* v. *State*, 152 *Ga.* 252 (1) (100 S. E. 502); and authorities cited; *Western & Atlantic Railroad Co.* v. *Bowen*, 31 *Ga. App.* 32 (1) (119 S. E. 426), and citations.

3. There is evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*