### 16723.   BOSTICK *v.* THE STATE.

BLOODWORTH, J. "A ground of a motion for a new trial which assigns error on the refusal to exclude evidence, but fails to set out either literally or in substance such evidence, is insufficient to raise any question for decision by this court." *Ga. & Fla. Ry. Co.* v. *Stapleton,* 143 *Ga.* 46 (1) (84 S. E. 120). "Under repeated rulings of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court. *McCall* v. *State,* 23 *Ga. App.* 770 (99 S. E. 471); *Roddenberry Hardware Co.* v. *Merritt,* 17 *Ga. App.* 425 (87 S. E. 681), and citations." *Franklin* v. *State,* 28 *Ga. App.* 460 (1 *b*) (112 S. E. 170).

"The conviction not being wholly dependent upon circumstantial evidence, an assignment of error upon the ground that, without request, the

court failed to charge the law of circumstantial evidence is without merit." *Bearden* v. *State, 32 Ga. App.* 779 (124 S. E. 811).

"It was not cause for a new trial that the court, in defining circumstantial evidence and in instructing the jury as to the law on that subject, in the same connection gave the jury the definition from the code of 'sufficient evidence,' 'cumulative evidence,' 'direct evidence,' and presumptive evidence.'" *Wilburn* v. *State, 141 Ga.* 512 *(6)* (81 S. E. 445).

Under the rulings in the foregoing cases and the note of the trial judge to the motion for a new trial, there is nothing in any of the special grounds of the motion that requires a rehearing of the case; and this court can not say that there is no evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 11, 1925.

Indictment for burglary; from Fulton superior court—Judge Howard. June 6, 1925.

*Vernon F. Taylor,* for plaintiff in error.

*John A. Boykin, solicitor-general, Ralph H. Pharr,* contra.