### 17000.  WATKINS COMPANY *v.* MIMS.

Exceptions to rulings as to the sufficiency of pleadings can not properly be taken in a motion for a new trial.

Several grounds of the motion for a new trial are not in proper form for consideration.

On disputed questions of fact the jury's finding, approved by the trial judge, will not be disturbed by this court.

DECIDED MARCH 2, 1926.

Complaint; from city court of Dawson—Judge Marlin. October 24, 1925.

*W. H. Gurr, J. H. Fletcher,* for plaintiff.

*H. A. Wilkinson,* for defendant.

---

Appeal and Error, 3 C. J. p. 967, n. 42; p. 978, n. 37; 4 C. J. p. 843, n. 65; p. 866, n. 51.

New Trial, 29 Cyc. p. 761, n. 5.

BLOODWORTH, J.   1. "Rulings upon the sufficiency of pleadings are not proper subject-matter for a motion for a new trial." *Coulson* v. *State,* 13 *Ga. App.* 148 (2), 150 (78 S. E. 1108), and citations; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (2) (77 S. E. 623), and citations.  Under the foregoing ruling there is no merit in special ground 1 of the motion for a new trial.

2.   The 2d special ground of the motion for a new trial alleges that the court "erred in admitting the following material evidence, to wit: the certificate of discharge in bankruptcy to C. S. Lee." This ground is imperfect because it does not set forth the discharge in form or substance so that this court may determine from the assignment itself what were the contents of the evidence objected to.  *McCollum* v. *Thomason,* 32 *Ga. App.* 163 (8) (122 S. E. 800).

3.   "Under repeated rulings of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court.  *McCall* v. *State,* 23 *Ga. App.* 770 (99 S. E. 471); *Roddenberry Hardware Co.* v. *Merritt,* 17 *Ga. App.* 425 (87 S. E. 681), and citations." *Franklin* v. *State,* 28 *Ga. App.* 460 (1 *b*) (112 S. E. 170). *Wellborn* v. *State,* 32 *Ga. App.* 55 (2) (122 S. E. 648); *American Machinery Co.* v. *Arbuthnot,* 33 *Ga. App.* 575 (3) (127 S. E. 416).  Under the rulings in the foregoing cases, grounds 3 and 4 of the amendment to the motion for a new trial can not be considered.  Reference to other portions of the record would have to be made to ascertain the relevancy of much of the evidence referred to in this ground.  Who is the "Mr. Preston" and the "Mr. York" referred to therein, and what, if any, is the connection of each with the case, and what is the written contract referred to therein, and what "exclusive territory" was promised to plaintiff?

4.   The Court of Appeals has no authority to settle disputed questions of fact.  The jury on conflicting evidence settled the issue in favor of the defendant, their finding was approved by the judge who heard the case, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*