20113. COWART *et al.* v. LYNN.

JENKINS, P. J. 1. Except on cross-examination, "in order for the ex-
clusion of oral testimony to be considered as a ground for a new trial,
it must appear that a pertinent question was asked, and that the court

ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712); *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (3) (64 S. E. 703); *Delk* v. *Strickland*, 34 *Ga. App.* 41 (128 S. E. 210); *Flood* v. *Empire Investment Co.*, 35 *Ga. App.* 266, 269 (133 S. E. 60). See also *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 717 (145 S. E. 486). Accordingly, the special ground of the motion for new trial which complains of the refusal of the court to permit an answer to a question propounded to one of the defendants on direct examination, is without merit, since it does not appear that the trial court was informed as to what the answer would be.

2. Upon the issue of fact whether the defendants had executed the note sued upon, the evidence authorized the finding of the jury in favor of the plaintiff; and since the verdict has the approval of the trial judge, it can not be set aside on the general ground.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
>
> DECIDED MAY 17, 1930.

*H. H. Elders*, for plaintiffs in error. *Eason & Everitt*, contra.