20690. SOVEREIGN CAMP W. O. W. *v.* SADLER,
next friend.

DECIDED OCTOBER 8, 1930.

*H. G. Bell,* for plaintiff in error.

*W. V. Custer & Son,* contra.

BLOODWORTH, J. We will elaborate only headnotes 1 and 3.

(1) The defendant moved to dismiss the proceedings in this case for the reason that "the purported acknowledgment of service made by the Honorable William A. Wright, insurance commissioner of the State, on the 22d day of January, 1929, is not such acknowledgment as said officer is authorized to make." The acknowledgment of service referred to is as follows: "Service of the within petition and process is hereby acknowledged, for and on behalf of the Sovereign Camp of the Woodmen of the World, by the undersigned, as attorney in fact, under the provisions of the Acts of 1914, pages 99 to 110." Signed "Wm. A. Wright, Insurance Commissioner." This acknowledgment of service fully complies with the requirement of the statute, and the court properly refused to "dismiss the proceedings."

(3) In *Ga. & Fla. Ry. Co.* v. *Stapleton,* 143 *Ga.* 46 (84 S. E. 120), it is held: "A ground of a motion for a new trial which assigns error on the refusal to exclude evidence, but fails to set out either literally or in substance such evidence, is insufficient to raise any question for decision by this court." "Under repeated rulings of this court and the Supreme Court, each special ground of a mo-

tion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court. *McCall* v. *State,* 23 *Ga. App.* 770 (99 S. E. 471); *Roddenberry Hardware Co.* v. *Merrill,* 17 *Ga. App.* 425 (87 S. E. 681), and citations." *Franklin* v. *State,* 28 *Ga. App.* 460 (112 S. E. 170); *Wellborn* v. *State,* 32 *Ga. App.* 55 (2) (122 S. E. 648); *American Machinery Co.* v. *Arbuthnot,* 33 *Ga. App.* 575 (3) (127 S. E. 416). "Under the rulings of this court and of the Supreme Court, this court will not search through the record to find errors, when they are not specifically pointed out in the assignments of error or in the grounds of the motion for a new trial. The rule is that each ground of the motion for a new trial must be complete in itself." *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (1) (85 S. E. 361). See *Sheppard* v. *State,* 167 *Ga.* 336 (4) (145 S. E. 654). Under the foregoing rulings, grounds 4, 5, 6, 7, and 8 are incomplete, as each would require an examination of the brief of evidence. In neither ground is the documentary evidence referred to therein set out literally or in substance.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*