33201. SIANO CONSTRUCTION CO. INC. *v.* THOMPSON.

DECIDED OCTOBER 19, 1950.

*Martin McFarland,* for plaintiff in error.

*Frank A. Bowers,* contra.

SUTTON, C. J.   L. M. Thompson filed an action against Siano Construction Company in the Civil Court of Fulton County, alleging: that in October, 1949, the plaintiff and the defendant entered into a written contract whereby the plaintiff agreed to do certain waterproofing and dampproofing, according to the specifications set out therein, on certain buildings known as Holmes Street Apartments, in Atlanta, for an agreed consideration of $2750; that thereafter the plaintiff and the defendant made additional agreements, increasing the amount to be paid to the plaintiff by the defendant by $655.20, making a total of $3405.20; that. the plaintiff completed said contracts according to the terms thereof about December 15, 1949, and had been paid $2704.68 by the defendant, leaving a balance of $700.52, for which judgment was prayed, with interest thereon. The defendant filed an answer and cross-action, denying liability, and alleging that the plaintiff had failed to do the required work under the contracts properly in certain respects, thus requiring additional expenditures by the defendant, and that the defendant had furnished the plaintiff with certain labor and material, for all of which judgment was prayed for $1301.

The evidence for the plaintiff showed in substance that: He originally entered into a written agreement with the defendant to do the dampproofing on the exterior walls above the ground on the Holmes Street Apartments, and the waterproofing of the walls below ground level in buildings number 5, 6, and 7, where basements were to be built, as well as the floors of the basements, for a consideration of $2750. Subsequently, the plans were modified so that half-basements would be built in buildings number 3 and 8, and he agreed to do the waterproofing required by this

change in plans. For this additional work he charged $655.20, at the rate of 20¢ per square foot, this being based on actual cost plus 20% for profit. The dampproofing was a cold process, requiring the application of two coats of a' tar material with a spray gun on each wall. The waterproofing was a hot process, requiring the application of three coats of hot coal tar on the walls, with a layer of 15-pound felt between the second and third applications, and two layers each of tar and felt beneath the floors, the first layer of felt being placed on the bare ground. All of the work was done properly, in the manner specified. No labor or material was furnished by the defendant, except that once when the defendant's men were in a hurry they laid the felt on the floor in building number 8, the actual time being less than an hour, and about the middle of the job, when work was hurried up, the defendant's superintendent lent the plaintiff a steel drum in which to heat tar. The defendant paid the plaintiff $2704.68, and refused to pay him the balance.

The evidence for the defendant was in direct conflict with that for the plaintiff in many respects. There was testimony to the effect that inspections made after the dirt had been placed against the walls, by digging away some of the dirt, revealed the use of only one layer of felt on the walls of buildings number 3, 5, 6, and 8, and that in order to waterproof these buildings a one-inch coating of a special plaster would be required on the inside of the walls, and that this work had already been done in buildings number 3 and 8, and that this was cheaper than moving the dirt from around the walls in order to waterproof the outside as specified. It was estimated that on account of applying this special plaster the defendant had spent $454.63. There was also testimony to the effect that the charge of the plaintiff for the work in addition to the original contract was exorbitant and out of line with the charge for the work on the original contract, and that a reasonable charge was only about 6¢ per square foot, that one laborer had been furnished for 24 hours and this was worth $24, and that 24 rolls of 15-pound felt had been furnished and that this cost the defendant $3 per roll, a total of $72, and that the steel drum furnished by the defendant had been worth $5, and on account of its use by the plaintiff was worthless, and that it would require an expendi-

ture of about $150 to apply the one-inch coating of plaster in buildings number 3 and 8.

The jury returned a verdict for the plaintiff for $700.52, and judgment was rendered accordingly. The case is here on exceptions to the overruling of a motion for a new trial by the defendant.

The special grounds of the motion are, in toto, as follows:

"6. Movant contends the court erred in its charge to the jury by stating, 'I said ordinarily the burden would be on the defendant.'

"7. Movant contends the court erred, in failing to sustain the objection of the defendant regarding the following evidence: 'Q. The buildings that had not been covered up, as you say, you just went ahead and applied the third coat? A. Yes, sir. I most assuredly did. Q. Even though the specifications . . Mr. McFarland: I object to this line of questioning on the ground that it is a leading question. Mr. Bowers: The witness stammers, Your Honor, and it is difficult . . Mr. McFarland: I have been trying to make allowances for that, Your Honor, but he has been constantly leading. The Court: All right, go ahead.'

"8. Movant contends the court erred in the following ruling and on the following question on the ground that the question was highly material to the issue and that the architect witness had a right to state to the court and jury what he told FHA in view of his overseeing the job of construction and in view of the fact that the question was highly material to the issues involved: 'John W. Cherry, sworn as a witness on behalf of the defendant: Direct Examination by Mr. McFarland. Q. Would you recommend to the FHA that the buildings 3 and 8 be accepted without that plaster parged coat on the inside? A. I called them several weeks ago and told them I wouldn't accept them and asked them if they would go with me on using the parge coat. Mr. Bowers: I object to the conversation had with FHA. The Court: Sustain the objection.'

"9. Movant contends that the court erred in sustaining the objection of the plaintiff to the following question, said question and ruling being as follows: 'Q. Does FHA have standard requirements as to waterproofing? Mr. Bowers: I don't see

where that would be material. FHA isn't involved in this suit. The Court: 'I will sustain the objection'.

"10. Movant contends that the court erred in sustaining the objection of the plaintiff to the following question, said question and ruling being as follows: 'Q. Mr. Cherry, as an architect, what 'do you require as waterproofing on a building of this type? A. Well, I would require, frankly, two or three coats. Q. Two or three coats? Mr. Bowers: I object to that as not being material. The material thing in this case is what the specification was. The Court: I will sustain the objection.'

"11. Movant contends the court erred in admitting plaintiff's Exhibit 10 into the record on the ground that the same was a self-serving declaration."

■ None of the special grounds of the motion for a new trial are in proper form for consideration by this court. "A ground of a motion for a new trial containing an extract from the charge of the court and alleging that the court erred in so charging, but which fails to point out wherein the excerpt quoted is erroneous, or why it should not have been given, or why different instructions should have been given, presents nothing for the consideration of a reviewing court." *Mauldin* v. *Gainey*, 15 *Ga. App.* 353 (8) (83 S. E. 276). An examination of the charge of the court shows that when the judge used the expression complained of, as stated above, he was instructing the jury with reference to the defendant's cross-action, and was telling the jury that the burden in that respect was on the defendant. Special grounds of a motion relating to the admission or rejection of evidence must show the materiality of the evidence, and wherein any ruling made in connection therewith was harmful and prejudicial to the complaining party. See *Clare* v. *Drexler*, 152 *Ga.* 420 (4) (110 S. E. 176); *Campbell* v. *Walker*, 20 *Ga. App.* 88 (4) (92 S. E. 545). This rule would apply to a ruling made on leading questions, as well. To allege only that the judge erred, without showing wherein he erred, is not sufficient in a special ground of a motion for a new trial. *Cathey* v. *State*, 28 *Ga. App.* 666 (7) (112 S. E. 915). A ground of a motion for a new trial in which complaint is made of the admission or rejection of documentary evidence is insufficient, which does not set forth a copy of the document or its substance in the ground

itself, or in a properly identified exhibit attached to the motion. *Harbin* v. *Hunt,* 151 *Ga.* 60 (2) (105 S. E. 842); *Cathey* v. *State,* supra. This court and the Supreme Court have ruled on numerous occasions that a special ground of a motion should be complete within itself, so as to show clearly and intelligibly the nature of the error of which complaint is made. See *Crain* v. *Daniel,* 79 *Ga. App.* 647, 651 (54 S. E . 2d, 487); *Harrison* v. *Lovett,* 198 *Ga.* 466, 473 (31 S. E. 2d, 799).

■ As appears from the record and the foregoing statement, the evidence was conflicting on material issues. There is some evidence to support the plaintiff's allegations in each material respect. Under these circumstances this court must hold that the verdict was authorized by the evidence.

■ The trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*