### 35430. DUMAS *v.* ABERCROMBIE.

CARLISLE, J. 1. Where, in an action for personal injuries, pain and suffering, and loss of earning capacity, allegedly growing out of the defendant's negligence in causing a collision between his and the plaintiff's automobiles, the evidence is in sharp conflict upon every material issue, and the jury is authorized to find from the evidence that the defendant was not negligent in causing his automobile to collide with that of the plaintiff, or, if negligent, his negligence was not the proximate cause of the collision, or, if the proximate cause of the collision, the plaintiff sustained no injury attributable to the collision, and that the damages sought by the plaintiff are the residuals of her pre-existing state of health, a verdict in favor of the defendant will not be disturbed by this court on review. The jury is the sole arbiter of such questions under the circumstances presented in this case.

2. In special ground 1 of the motion for new trial, error is assigned upon the admission in evidence, over objection, of certain testimony of the plaintiff, while on cross-examination, tending to establish that the plaintiff was already suffering the disabilities for which she seeks recovery of the defendant prior to the time of the collision, as she had applied, prior to the collision, to her employer's insurance carrier, with whom she had a "group" policy, for payment for the same disabilities of which she now complains. The objection made to such evidence was that it improperly injected the question of insurance into the case. This ground of the motion is without merit for the reason that, during the cross-examination in question, the plaintiff without objection testified to the same effect when she stated, "I have an insurance policy which would pay me money in the event that I was unable to work

because of some physical disability." *Wages* v. *Wages*, 202 *Ga.* 155 (42 S. E. 2d 481).

3. Special ground 2 of the motion for new trial, complaining of the introduction in evidence of "an application for a claim of insurance due and a notice of disability," is not complete in itself and not in proper form for consideration, for in order to be intelligible it is necessary to search the brief of evidence to find the evidence objected to. *Watkins Co.* v. *Mims*, 35 *Ga. App.* 170 (132 S. E. 241); *Cathey* v. *State*, 28 *Ga. App.* 666 (112 S. E. 915).

4. For the reasons stated in the foregoing divisions of this opinion, the trial court did not err in denying the motion for a new trial, based on the usual general grounds and two special grounds.

*Judgment affirmed.* *Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 3, 1954.

*Osgood O. Williams, Douglas C. Lauderdale, Jr.,* for plaintiff in error.

*Glover McGhee, Currie & McGhee,* contra.

