### 600.   RANSOM *v.* THE STATE.

1. There are two branches of the rule controlling alibi in this State. The first is that the accused is only required to establish his alibi to the reasonable satisfaction of the jury,—not beyond a reasonable doubt. The second is, that, nevertheless, any evidence of alibi whatsoever is to be considered on the general case, with the rest of the testimony, and, if a reasonable doubt of guilt is raised by the evidence as a whole, the defendant should be acquitted.

2. Proof of an inculpatory admission will not authorize a charge upon the subject of confession. A confession is a voluntary admission of guilt. An admission, as applied to a criminal case, is the statement by the defendant of a fact or facts pertinent to the issues and tending, in connection with proof of other facts or circumstances, to prove the guilt of the accused, but which is of itself insufficient to authorize conviction. An admission is a circumstance which requires the aid of further testimony to generate a reasonable conclusion of guilt. The nearer an admission approaches the completeness of a plenary confession of guilt without attaining thereto, the more likely is any reference in the charge to the subject of confession to confuse the jury and harm the defendant.

Accusation of larceny from house, from city court of Sylvester —Judge Park. June 12, 1907.

Argued July 18,—Decided November 11, 1907.

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

RUSSELL, J. The defendant was convicted of larceny from the house, and, upon the overruling of her motion for new trial, excepted. It is needless to discuss any of the twelve assignments of error, except two. The others are wholly without merit. So far as the facts are concerned, the issue between the State and the accused is clear cut and well defined. The evidence for the State tended to show the larceny of a cap and hat pin. The evidence in behalf of the defendant, if believed by the jury, established an

alibi and made it impossible for the defendant to be the thief, even if the corpus delicti was proved.

For this reason we think that the judge should not have perhaps stressed the burden devolving upon the defendant, and perhaps magnified it, by reading and then repeating to the jury §992 of the Penal Code, without telling them, in the same condition, that the onus was on the accused to verify the alibi, not beyond all reasonable doubt, but only to the reasonable satisfaction of the jury; and further, that any evidence whatever of alibi is to be considered on the general case, with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence. No request to charge upon the subject was presented, and therefore we should not reverse the judgment upon this ground. We refer to it, however, because we know that the upright and impartial judge who presides in the city court of Sylvester needs only to have the matter suggested, in order that there may be even no vestige of ground for complaint on the future trial of this case, which we are constrained to award upon another ground.

It has been frequently ruled that when the defense of alibi is set up in a case and is sustained by testimony, the failure to charge upon the law of alibi will cause a new trial. The judge in this case charged the law of alibi by twice repeating to the jury §992 of the Penal Code. In the absence of a written request for more specific instructions, this may be a compliance with the letter of the rule laid down in *Moody* v. *State,* 114 *Ga.* 449, *Fletcher* v. *State,* 85 *Ga.* 666, and other decisions. But we think the far better and fairer practice is to specially instruct the jury in every case further that the accused is not required to establish his defense of alibi beyond a reasonable doubt, but only to the reasonable satisfaction of the jury; and to charge in addition, that even if the alibi be not established to the satisfaction of the jury, any evidence whatsoever of alibi must be considered with the rest of the testimony, and if a reasonable doubt of guilt be raised upon the consideration of the evidence as a whole, the defendant should be acquitted. *Harrison* v. *State,* 83 *Ga.* 130; *Landis* v. *State,* 70 *Ga.* 651. As said by Judge Jackson in *Ledford* v. *State,* 75 *Ga.* 858 (3), "The charge excluded all the evidence about the alibi from being weighed by the jury on the subject of reasonable doubts

of defendant's guilt, on the issue of guilty or not guilty of the riot. Though the burden was the defendant's to show alibi to the satisfaction of the jury, and on that issue reasonable doubts would not avail him, yet, on the final issue of guilty or not guilty of the riot, all the evidence is for the consideration of the jury, and it is for them to say whether, from all of it, he is guilty beyond a reasonable doubt. See 3 Blackstone, 363; 65 *Ga.* 304; 74 ·Id. 833, 393, and 59 Id. 142."

We think a new trial should have been granted because the court erred in charging the jury upon the subject of confessions, as excepted to in the seventh ground of the motion for new trial. After properly instructing the jury upon the law of circumstantial evidence (as he should have done in this case), the court gave sections 1002 and 1005 of the Penal Code in charge to the jury. Section 1005 is as follows: "All admissions should be · scanned with care and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction." This charge was not followed· by any further instruction by the court on the subject, nor was the attention of the jury called to the difference between an inculpatory admission and a confession. If the court had in the charge clearly drawn the distinction between a confession of guilt and an inculpatory admission, the error would not have been so grave. But we do not think that any reference to the subject of confession was authorized by the evidence in this case. And we are. further of the opinion that the reference was peculiarly harmful to the defendant, for the very reason that unless the attention of the jury was specifically and directly called to the marked distinction between a confession and an inculpatory admission, they would most probably be misled into the conclusion that there was evidence of a confession. This, however, is not the case.

The evidence of the prosecutor was that he asked the defendant where she got her hat pin, "and she said she got it out of a hat there on the table." This was no confession that she had stolen the hat pin. It was an inculpatory admission,—a circumstance, which in connection with the facts that the defendant had the hat pin partly concealed under her apron, and that she voluntarily gave up the hat pin and the cap upon being discovered with them,—would have authorized the jury to find a verdict of guilty. But it

does not amount to a confession, because it required other facts, to which we have alluded, to develop the conclusion that the taking was *with intent to steal*. This court has heretofore ruled, in *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. Rep. 1031), in which the subject is fully treated, that "proof of an inculpatory admission will not authorize a charge upon the subject of confession." There is a very marked difference between voluntarily admitting guilt of a criminal offense or admitting the main fact or facts which are absolutely inconsistent with innocence,—and admitting a fact or a number of facts which could be true and yet consist with innocence. The admission of the defendant that she got the hat pin out of a hat on the table in the prosecutor's store, considered *alone,* was a statement consistent with innocence; for it did not admit the main fact, that the taking was with intent to steal. Proof of the intention without which there can not be guilt of larceny had to depend on other facts and circumstances in the testimony. It would be proper to instruct the jury that if they believed any admissions were made by the defendant as to any fact or facts illustrative of her guilt or innocence, they might consider this circumstance in connection with and in the light of any other facts, if there be any such established to their satisfaction, bearing upon the guilt or innocence of the accused, and from all of the testimony determine her guilt or innocence, but that all admissions should be scanned with care and received with great caution. But unless a confession has been shown, the subject should not be presented to the jury at all. This is no new doctrine of the law. It has been held repeatedly by our Supreme Court and more than once by the Court of Appeals. To refer to the subject of confession, in a charge to the jury, where nothing but the circumstance of an incriminatory admission has been shown, is the more harmful the more nearly the admission approaches the completeness of a plenary confession of guilt.                      *Judgment reversed.*