## 843. SMITH v. THE STATE.

The instruction of the trial judge upon the subject of alibi is approved.

Indictment for arson, from Monroe superior court—Judge Reagan. October 15, 1907.

Argued December 10,—Decided December 20, 1907.

*B. H. Manry, Berner, Smith & Hastings,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general, O. H. B. Bloodworth Jr.,* contra.

The trial judge instructed the jury as follows: ·"The defend-ant has set up an alibi as a defense in this case. An alibi in-volves the impossibility of the defendant's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as rea-sonably to exclude the possibility of his presence. In order to constitute a complete alibi, it should appear that it was reasonably impossible that the defendant could have been at the place where the crime was committed, if one was committed. If he could not have been at the place where the crime was committed, that would be a complete alibi under the law, and would constitute a complete defense. Where an alibi is offered, whether it is complete or not, it is the duty of the jury to consider it along with all the testi-mony in the case; and if the evidence, taken as a whole, raises a doubt in the mind of the jury of the defendant's guilt, you should acquit him." Error was assigned, in that the court failed to charge that the defendant should be acquitted if he established an alibi to the reasonable satisfaction of the jury; and that an alibi, as an independent defense, should not be confused with the other issues in the case.

(By accidental omission, the following opinion was not of file until after this case was reported in 3 *Ga. App.* See the opinion of the majority of the court, on page 803 of that volume.)

RUSSELL, J., dissenting. I can not concur in the decision of the majority of the court, because I think the plaintiff in error is entitled to a new trial upon more than one error pointed out by the exceptions. As my views, however, can not affect the judgment, I express my dissent solely because I do not wish my silence, by any possibility, to be construed as an approval of the charge of the judge of the superior court upon the subject of

alibi. To my mind the charge of which complaint is made is clearly violative of the principle which was expressly recognized by this court in *Ransom* v. *State*, 2 *Ga. App.* 826 (59 S. E. 101), following the rulings of the Supreme Court in *Landis* v. *State,* 70 *Ga.* 651 (48 Am. R. 588), and *Ledford* v. *State, 75 Ga.* 856. All that was expressly ruled in *Harrison* v. *State*, 83 *Ga.* 135 (9 S. E. 542), was that the charge upon the second "branch" of the rule with reference to alibi was correct. It has uniformly been held in this State that there are two horns to the defense of alibi. The one is a substantive defense; the other provides a mere break-water against the State's case by providing room and reason for doubt. There can, therefore, be no such distinction as a complete and an incomplete alibi, which was presented by the judge to the jury. If the defendant satisfies the jury that at the time of the crime he was at such a place as rendered his participation in the offense impossible, the code declares that he has proved an alibi. There is no alibi unless he has done this. If he fails to satisfy the jury of the truth of his alibi, his defense, upon that ground, is obliterated. It does not create an incomplete alibi; there is no alibi at all, though the facts and circumstances proved in the futile attempt to prove an alibi may be considered and may cast doubt upon the case made by the State. It is not un-known to courts that defendants in criminal cases frequently enter upon their trial bearing the burden of a presumption of guilt *against them,* as a matter of fact, instead of going before the jury with the presumption of innocence, as a matter of law, in their favor. This statement is antagonistic to the *theory* of a jury trial, but is capable of demonstration as a practical truth. Its truth is recognized by high authorities as to two classes of cases at least:—the nameless crime against woman, and those cases where a great crime has been committed,—whether it be assassination or arson,—where the suspicions of the defendant's guilt are foiled and baffled by the fact that there is no direct evidence. In such a case, to cast a substantial independent defense before the jury into the vague category of reasonable doubts is obliged to be an error most prejudicial to the defendant. It reduces what the jury should consider as evidence in support of the manly and unequivocal assertion of innocence,—"I am not guilty and can even prove my innocence," into a pitiful plea for a Scotch

verdict of "not proven,"—into this statement to the jury: "I may be guilty, but the State has not shown it beyond a reasonable doubt."

To tell the jury that if they are not reasonably satisfied that the defendant has established his defense of alibi, they may still consider the evidence upon the subject to see if it raises, when considered with the evidence as a whole, a reasonable doubt of the defendant's guilt, holds out a straw at which the defendant can catch to save him from conviction; whereas, if the jury believe the alibi is established, the court places a sword, long enough and strong enough, to beat back every fact proved against him and utterly annihilate the suspicious circumstances summoned to enmesh him. Nor, in my opinion, should the court direct the jury to consider the proof of alibi "along with all the testimony in the case," even though they are satisfied of the truth of the evidence in its support, and that the alibi has been established. It is only when the evidence is insufficient to establish the alibi, either because the jury does not believe the witnesses as to that point or because the evidence with relation thereto, even if credible to the jury, is not necessarily incompatible with the possibility of the defendant's presence, that the jury is perforce compelled to consider the evidence upon the subject of alibi along with all the evidence in the case; and then it is for the sole purpose of seeing whether such evidence raises a reasonable doubt, in conjunction with the other evidence in the case, as to the defendant's guilt. The charge presented by this record is appropriate to the second horn, but inapplicable to the first horn of the doctrine of alibi, and must necessarily have been confusing to a jury of laymen. If a jury is satisfied, by proof of alibi, that the defendant did not commit the offense charged against him, by reason of the absolute veracity of the witnesses by whom the alibi is established, as well as by the fact that the scope of their testimony makes his guilt impossible, not only has the State failed to make a case, but the defendant has really proved his innocence to the reasonable satisfaction of the jury. Cases are conceivable where the jury might find it necessary to compare and measure the testimony in support of alibi with the other testimony in the case, and cases can also be conceived where no such analysis and comparison would be at all necessary, because

the jury might be unanimously satisfied with the proof of alibi. So that while the jury should be told that if they are not satisfied about the alibi they can then consider the evidence with the other evidence in the case to see if a reasonable doubt of guilt is raised, a flat direction by the court that it is their duty to do this, even after they are satisfied of the truth and sufficiency of the evidence in support of the alibi, is an unwarranted interference with the prerogative of the jury, naturally tending to depreciate the weight and value of the testimony adduced in support of the alibi. This is certainly true unless the jury is more fully and clearly instructed than in this case that the defendant is only required to establish his defense of alibi to their reasonable satisfaction, and that if it is so established he is entitled, as a matter of right, to an acquittal. To merely say en passant that an alibi is a complete defense, immediately preceding an instruction that "where an alibi is offered, *whether it is complete or not,* it is the duty of the jury to consider it along with all the testimony in the case, and if the evidence, taken as a whole, raises a doubt in the mind of the jury of the defendant's guilt, you should acquit him," is not, in my humble judgment, either equivalent to presenting, or a fit substitute for a clear presentation, to the jury of the right of a defendant to have the jury first consider his defense of alibi (with the rest of the evidence or without regard to it, as the jury may elect) for the purpose of determining, *in the first instance,* whether the defendant has established his defense, before reducing the importance of his defense, because of failure to establish it, by casting it into the heap of those circumstances in the pathway of the case that tend, under our law, to raise barriers of doubt over which the jury can not pass unobstructed to the verdict of guilty. In a close and doubtful case the effect of this scant notice—if not actual depreciation—of a defendant's sole defense can scarcely be estimated. It is a vital error, and in my opinion demands a reversal of the judgment refusing a new trial.