### 14016.  CASON *et al. v.* DICKSON.

A ground of a motion for a new trial, as to the exclusion of proffered testimony, is too defective to be considered where the materiality of the excluded testimony can not be ascertained without examination of another part of the record.

An expression of opinion as to what had been proved was made by the court to the jury by the words, " This offer to rescind," etc., in the instruction set out in the decision; and this error requires a new trial.

DECIDED JUNE 12, 1923.

Action for damages; from Fulton superior court — Judge Ellis. September 21, 1922.

*Ben. J. Conyers, Arminius Wright,* for plaintiffs in error.

*Westmoreland & Smith,* contra.

BROYLES, C. J. 1.   Under repeated decisions of the Supreme Court and of this court, each special ground of a motion for new trial must be complete and understandable within itself; and when so incomplete as to require reference to the brief of evidence, or to some other part of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court. ' *Center Point Gin* v. *Halhcock,* 28 *Ga. App.* 305 (2) (111 S. E. 575), and citations. Under this ruling the first special ground of the motion 'for a new trial, complaining of the exclusion of certain proffered testimony, is too defective to be considered, since this court would have to examine other portions of the record in order to ascertain the materiality of the testimony excluded.

2.   'Exception is taken, in one of the grounds of the motion for a new trial, to the following charge of the court: " This offer to rescind the trade can only be considered by you as illustrating the intentions of the parties, and their knowledge of this transaction in its details at the time it happened, and as to the attitude of the defendant, and in determining the question of whether he was guilty of fraud and deceit." This charge is excepted to upon the ground that it was an expression of opinion on the part of the court that an offer to rescind the trade had been established by the evidence.   The exception is well taken.   The defendant swore positively that he offered to rescind the trade, and · the plaintiff swore positively that no such offer was ever made.· Thus the evidence was in sharp conflict upon the question of rescission, which was a material issue in the case, and the charge

excepted to, containing a clear expression of opinion by the court that there had been an offer to rescind, requires a reversal of the judgment overruling the motion for a new trial. See Park's Code, § 4863, and citations.

3. The remaining special grounds of the motion for a new trial are without substantial merit.

4. As there must be another trial of the case, the sufficiency of the evidence to support the verdict is not passed upon.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*