17292.   RUSS *v.* THE STATE.

BLOODWORTH, J.   1. Each special ground of a motion for a new trial must be complete and understandable within itself, without reference to any other part of the record. This court is not required to look beyond the ground itself to learn the facts or to ascertain error. *Franklin* v. *State,* 28 *Ga. App.* 460 (1 *a, b, c*) (112 S. E. 170). In addition, the name of no witness is mentioned either in ground 5 or 7. This is necessary. *Crawford* v. *State,* 33 *Ga. App.* 612 (127 S. E. 415). Under these rulings grounds 4, 5, 6, and 7 of the amendment to the motion for a new trial present nothing for consideration by this court.

---

Criminal Law, 16 C. J. p. 942, n. 71; 17 C. J. p. 177, n. 88; p. 341, n. 84.

2. Where the defendant at the time of his arrest stated that he lived in Fernandina, Florida, and this is not denied, and a witness swore that the accused lived in Fernandina, Florida, a new trial is not required because the court charged the jury that they "would be authorized to find that he (the defendant) was a resident of Florida, if you find that he himself so stated at the time that he was arrested."

3. The court did not err in charging the jury that "it appears to the court, from a consideration of the act and from an examination of the chart here exhibited, that the boundary would extend three miles into the ocean from the low-water mark, as indicated on the chart, from the east side of Cumberland Island."

4. The judge instructed the jury that it was for them to determine whether the defendant did or did not violate the law "at the time alleged, or within two years before the indictment was returned into court." This charge was alleged to be error "for the reason that the act under which the defendant was being prosecuted was not passed by the General Assembly until the session of 1924." Even if inaccurate, this charge was harmless: The indictment was returned at the November term, 1925, and charged that the offense was committed on September 11, 1925. The evidence shows only one violation of the law and that was on September 11, 1925, and no other time is mentioned. See *Adams* v. *State*, 22 *Ga. App.* 252 (2) (95 S. E. 877); *Langston* v. *State*, 23 *Ga. App.* 82 (97 S. E. 444).

5. The evidence supports the finding of the jury.

     *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
        DECIDED JUNE 15, 1926.

Taking shrimp, etc.; from Camden superior court—Judge Highsmith. February 27, 1926.

*S. C. Townsend,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.