### 18019. QUINN, *alias* MARSHALL, *v.* THE STATE.

BLOODWORTH, J. 1. "Each special ground of a motion for a new trial must be complete and understandable within itself, without reference to any other part of the record. This court is not required to look beyond the ground itself *to learn the facts or to ascertain error.*" (Italics ours.) *Russ v. State,* 35 *Ga. App.* 476 (133 S. E. 748). "A ground of a motion for a new trial in which error is assigned on the exclusion of certain testimony is insufficient when it does not appear from the ground itself that the exclusion of the testimony was prejudicial to the complaining party." *Campbell v. Walker,* 20 *Ga. App.* 88 (4) (92 S. E. 545). See *Cason v. Dickson,* 30 *Ga. App.* 336 (118 S. E. 72); *Quillian v. State,* 32 *Ga. App.* 540 (123 S. E. 913). Under the principles announced in the

Criminal Law, 16 C. J. p. 1217, n. 45; p. 1218, n. 65, 66; p. 1219, n. 67, 68; 17 C. J. p. 177, n. 88; p. 178, n. 90.
Intoxicating Liquors, 33 C. J. p. 761, n. 53.

foregoing decisions the special ground of the motion for a new trial is not complete within itself. It fails to show that the evidence, which was excluded, was material, or that its exclusion was harmful to the accused. To ascertain these facts this court would have to examine other portions of the record, and this it is not required to do.

2. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 11, 1927.

Possessing intoxicating liquor; from city court of Valdosta— Judge Cranford. February 12, 1927.

*W. E. Perry,* for plaintiff in error.

*R. G. Dickerson, solicitor-general,* contra.