### 18254.   SHEPARD v. THE STATE.

BROYLES, C. J.   1. An objection to evidence that it is "irrelevant, immaterial, and prejudicial to the defendant" is too general to be considered by the reviewing court. *Martin* v. *State,* 35 *Ga. App.* 575 (2-*a*) (134 S. E. 185), and cit.

2. Under the facts of the case the excerpt from the charge excepted to shows no cause for a reversal of the judgment below.

3. The general grounds of the motion for a new trial are not argued or insisted upon in the brief of counsel for the plaintiff in error, and are treated as abandoned.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
>
> DECIDED JULY 26, 1927.

Seduction; from Laurens superior court—Judge Camp.   May 14, 1927.

*T. W. Hardwick, J. S. Adams,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

Criminal Law, 17 C. J. p. 69, n. 38; p. 212, n. 18.

### 18263.   WHITE v. THE STATE.

LUKE, J.   Since the testimony offered to sustain the defense of alibi did not show the impossibility of the defendant's presence at the scene of the offense at the time of its commission, but only accounted for his presence at another place before he was at a whisky still that was in operation, it was not error for the court to fail to charge on the defense of alibi.

(*a*) In the case here the suggested defense of alibi utterly failed, and the evidence authorized the defendant's conviction of making intoxicating liquor.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
>
> DECIDED JULY 26, 1927.

Making intoxicating liquor; from Spalding superior court—Judge Searcy.   May 7, 1927.

*J. A. Darsey,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 977, n. 45.