18689. JORDAN *et al. v.* THE STATE.

BROYLES, C. J. 1. "Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall v. State,* 23 *Ga. App.* 770 (99 S. E. 471); *Franklin v. State,* 28 *Ga. App.* 460 (1 b) (112 S. E. 170). Under this ruling the first two grounds of the amendment to the motion for a new trial are too defective to raise any question for the consideration of this court.

2. The charge upon the subject of alibi, in the absence of a request for a fuller charge thereon, is not error for any reason assigned. See, in this connection, *Ransom v. State,* 2 *Ga. App.* 826, 827 (59 S. E. 101); *Eugee v. State,* 159 *Ga.* 604 (13) (126 S. E. 471).

3. The last special ground of the motion for a new trial is not referred to in the brief of counsel for the plaintiff in error and is treated as abandoned.

4. The evidence was in acute conflict as to whether the offense was committed in Alabama or in Polk county, Georgia, but there was some evidence that authorized the jury to determine that question in favor of the State.

5. The verdict was authorized by the evidence and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1928.

*F. A. Irwin,* for plaintiffs in error.
*J. A. Wright, solicitor,* contra.