20078. SPIVEY *v.* LESTER.

DECIDED DECEMBER 10, 1929.

*J. J. Bull & Son,* for plaintiff in error.

*Powell & Dykes,* contra.

BLOODWORTH, J. Mrs. L. L. Lester sued John Spivey on several promissory notes, aggregating $4080, which she alleged were given to J. D. Lester and by him transferred to her; that these notes were originally given as purchase-price of certain land; and that she served defendant with notice of attorney's fees; and she prayed for judgment for principal, interest, and attorney's fees, and for a general judgment, and for a special lien against the described lands. Defendant filed an answer in which he admitted the execution of the notes, and that he delivered them to J. D. Lester, but denied that they were given for the purchase-price of land. He alleged that he could neither read nor write; that the original payee of the notes came to him at the time of their execution, and told him that he wanted him to sign these papers, which it now develops were these notes; that he did not owe said J. D. Lester anything, "but was under the impression it may have been for some indebtedness he owed to J. D. Lester & Brothers;" that he "was not informed of the amount of these notes, or that they were for the purchase-money for land; that he knew that he was not indebted to said Lester, but, relying on him as his friend, he signed the papers or notes;" that said Lester never read over to him the notes; that he did not know the amounts of the notes or what they were for, and "that a grievous fraud was perpetrated upon him by the said J. D. Lester in obtaining his signature." Plaintiff introduced evidence in support of the allegations of her petition, and the defendant introduced evidence in support of his answer. The trial resulted in a verdict in favor of the plaintiff for the full amount sued for. The defendant's motion for a new trial was overruled and he excepted.

The first ground of the amendment to the motion for a new trial alleges that the court erred in admitting, over the timely objection of the defendant, certain evidence of the plaintiff to go to the jury. The objection urged was as follows: "Because this evidence is immaterial, was a suit between two different parties, and

not pertinent to the issue, and prejudicial to the defendant." Under repeated rulings of this court such grounds are insufficient. *Whitman* v. *State*, 39 *Ga. App.* 517 (2) (147 S. E. 798) ; *Farley* v. *Servwell Sales Corporation*, 39 *Ga. App.* 93 (2) (146 S. E. 323) ; *Staples* v. *State*, 37 *Ga. App.* 97 (3) (139 S. E. 94), and cit. ; *Shepard* v. *State*, 37 *Ga. App.* 158 (139 S. E. 90).

■ Special ground 2 of the motion alleges that the court erred in admitting in evidence a certain deed to J. D. Lester and a tax-execution against John Spivey, because the entry of levy showed that the land levied upon was different in description from the land conveyed in the deed. This ground does not point out how or in what manner the introduction of this evidence was harmful to the plaintiff. To ascertain this the court would have to examine other parts of the record, and this it is not required to do. *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 718 (145 S. E. 486), Rule 24, and cit. Moreover, under the qualifying note of the presiding judge, there is no merit in this ground. The judge attaches to it a note saying that counsel for plaintiff stated at the time this was offered that it was solely for the purpose of showing that the taxes were paid by J. D. Lester, and not for the purpose of showing title in him.

■ Grounds 3 to 9 inclusive are not complete and understandable without reference to other parts of the record. *Quinn* v. *State*, 36 *Ga. App.* 770. (138 S. E. 262) ; *Jordan* v. *State*, 38 *Ga. App.* 84 (142 S. E. 748). Such grounds are too general for consideration by this court. *Whitman* v. *State*, supra; *Whitener* v. *State*, 39 *Ga. App.* 677 (b) (148 S. E. 305) ; *Kirkland* v. *Ferris*, 145 *Ga.* 93 (4 *a*) (88 S. E. 680). Ground 3 does not show what answer the witness gave to the question propounded, nor does it appear what objection, if any, was made at the time. The answer given, if any, may have been different from what was expected, and may not have been harmful to the cause of plaintiff in error. Ground 9, which alleges that the verdict is "contrary to law," presents nothing for decision by this court. *Empire Cotton Oil Co.* v. *Continental Gin Co.*, 21 *Ga. App.* 16, 18 (93 S. E. 525), and cit. Moreover, grounds 4, 5, 6, 7, 8, and 9 are but amplifications of the general grounds.

■ The evidence authorized the verdict, the judge presiding ap-

proved it, and, as no error of law has been shown to have been committed on the trial, this court can not interfere with the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*