21871.  EMPIRE TALC & LUMBER CO. *v.* COHUTTA
BANKING CO. *et al.*

DECIDED DECEMBER 16, 1931.

*F. A. Cantrell, J. H. Paschall,* for plaintiff in error.
*C. N. King, J. G. B. Erwin, Townsend & Ingram,* contra.

LUKE, J. Cohutta Banking Company sued Empire Talc & Lumber Company, a corporation, Mathis & Roberts, a copartnership, and Mrs. Ida R. Street, on a series of ten promissory notes aggregating, exclusive of interest, the sum of $521.86, together with ten per centum on both principal and interest as attorney's fees. The notes were executed by Mathis & Roberts as makers, and were indorsed: "Empire Talc & Lbr. Co., by J. T. Dillard," and "Ida R. Street," in the order indicated.

Mathis & Roberts interposed no defense. Empire Talc & Lumber Company filed an answer in which it denied all liability, and averred that the purported indorsement on its behalf was in fact not its indorsement, but was made by J. T. Dillard without the assent or authority of the corporation. Mrs. Street answered denying any indebtedness on account of the notes, and setting out the details of the original transaction in which the notes were executed and delivered.

As to the liability of Mathis & Roberts, the makers, and of Mrs. Street as indorser (the latter admitting her indorsement), the court gave the jury a peremptory instruction. As to Empire Talc & Lumber Company the court charged the jury upon the issues raised, and, upon the request of counsel for Mrs. Street, submitted to the jury the question whether, in the event that the Empire Talc & Lumber Company were held liable as indorser, that company or Mrs. Street would be primarily liable as indorser. The verdict was in favor of the plaintiff, and found that the Empire Talc & Lumber Company was primarily liable as surety, and that Mrs. Street was secondarily liable. Judgment was rendered upon the verdict. The Empire Talc & Lumber Company's motion for a new trial was denied and the movant excepted.

In addition to the general grounds, there are nine special assignments of error. The first eight of these are based on objections to testimony, and the last one challenges the accuracy of a portion of the court's charge to the jury. Since neither the general grounds nor the special ground designated as No. 11 are insisted upon in the brief for the plaintiff in error, of course these assignments are assumed to be abandoned.

With reference to the remaining assignments relating to the admissibility of portions of the evidence adduced, we are of the opinion that none of these sufficiently indicates wherein the admission of the

evidence complained of was in any way harmful or prejudicial to the defendant. In these assignments, in the order in which they are presented, we find these specifications: (4) "The above testimony was harmful and prejudicial to movant and was error, for the reason that the foundation was not properly laid for the introduction of said oral testimony, . . and was contrary to law and the rules of evidence;" (5) "The question and answer . . is immaterial and irrelevant, illustrates no issue involved in the case," and "agency can not be shown by the sayings of the agent, and is incompetent" (see *Adams* v. *State,* 168 *Ga.* 530, 536, 148 S. E. 386; *Spivey.* v. *Lester,* 40 *Ga. App.* 646, 151 S. E. 54); (6) "said testimony was purely hearsay, and its admission was not only prejudicial and harmful to movant, but was and is ground for new trial, and contrary to law and the rules of evidence" (see *Moss* v. *State,* 166 *Ga.* 517 (3), 143 S. E. 900); (7) The question and answer "is hearsay;" "it calls for a conclusion pure and simple;" "said testimony . . was contrary to law and to the rules of evidence" (see *Spivey* v. *Lester,* supra); (8) " . . his answer is a conclusion, . . was error, and contrary to law and the rules of evidence, . . was in the nature of a compromise, and for this reason not admissible; and movant insists that the admission of said testimony was error, and contrary to law and to the rules of evidence." See *Herndon* v. *State,* 38 *Ga. App.* 117 (6), 142 S. E. 695; *Beall* v. *Mineral Tone Co.,* 167 *Ga.* 667 (3), 146 S. E. 473). For the sake of brevity, we have merely cited certain decisions deemed pertinent to some of the assignments of error. Our careful examination of the evidence incorporated in these assignments has not led us to believe, in any instance, that harm or prejudice in any measure might be reasonably presumed to have resulted from its admission. Thus far we have gone in order that it may not seem to counsel that the court has been at all hypercritical in the premises.

With reference to the last of the special grounds of the motion for a new trial, it goes without saying that it is often difficult to distinguish and determine whether a given question is one of law, to be decided by the judge, or one of fact, to be determined by the jury. Upon the question whether the Empire Talc & Lumber Company was liable primarily or secondarily upon its indorsement of the notes in controversy, which the court submitted to the jury for its determination, it seems to us that in the circumstances arising in

this case the issue was rather one of fact, and not of law. The issue was raised by the answer of Mrs. Street by proper allegations. But in any event, both the judge and the jury were in absolute accord in their views; and the evidence, as we think, was ample to support the finding of the jury. Again, it is not seen that the defendant was in anywise hurt by the procedure adopted.

The motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*